John Wilson v. The State.

No. 2388.   Decided April 16, 1913.

Rehearing denied May 7, 1913.

**1.—Theft—Transcript—Delay—Filing.**

See opinion admonishing clerks to make out the transcript in cases which are appealed, immediately after the trial.

**2.—Same—Evidence—Tracks—Opinion of Witness.**

Upon trial of theft of cotton, there was no error in permitting the witnesses for the State to testify that they measured the men's tracks found where the cotton was stolen with two pieces of cotton stalk, and that they also measured

the shoes of defendant and another and that they corresponded with the tracks; and having qualified themselves to give their opinion as to the similarity of the tracks, there was no error. Following Weaver v. State, 46 Texas Crim. Rep., 607, and other cases.

**3.—Same—Evidence—Tracks—Circumstances.**

Upon trial of theft of cotton, there was no error in permitting the State's witnesses to testify that they noticed the tracks and that a wagon had been backed up to the house in which the cotton was found, and that these tracks had been rubbed out by the foot.

**4.—Same—Evidence—Tracks.**

Upon trial of theft of cotton, there was no error in admitting testimony that the witness saw mule tracks which they compared with the tracks made by the mules owned by defendant.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of cotton, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Collin. Tried below before the Hon. H. L. Davis.

Appeal from a conviction of theft of cotton; penalty, a fine of $100 and one hundred days confinement in the county jail.

The opinion states the case.

*Wallace Hughston,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of theft of cotton under $50 in value, and prosecutes this appeal.

While this case was tried in the County Court in January, 1911, the record has but recently been filed in this court. We know of no reason why more than two years should have elapsed from the time the case was tried until the record was filed in this court. The law commands the clerks to make out these records and forward them to this court immediately after the trial, and if the clerks would do their duty in this respect there perhaps would not be such complaint about delay in the disposition of cases.

It appears that Ham Howery testified: "I am a deputy sheriff, and was constable in 1910, and have been an officer for sixteen years. I know the defendant and Scott Lynch. I remember going to their home in October of last year. I got there between 10 and 11 o'clock. Wilson and Lynch were in the bed asleep. Jim Lewis went with me. A man named Woods came along after we got there. After we came, a woman and little child came. I made some investigation of the smokehouse and found 1200 or 1500 pounds of cotton and some sacks, which were on the south side of the house, and right at the door. The tracks had been tramped out. I saw some mules in the lot. They were shod, and had corks on their shoes. I saw mule tracks at the wagon by the side of the field and at the house. I did not measure the mule tracks.

The tracks that I saw were common mule tracks, and they were all about the same size. All the mule tracks that I saw at the field and at the house and in the lot were about the same size. I measured some shoe tracks in the field of two different parties who came from the wagon, and I measured their tracks. I went to where the wagon stood, and the tracks led from that wagon, and there were two different sizes, and I measured them. I also measured Wilson's and Lynch's shoes at the house. I measured the tracks with two pieces of cotton stalks, and I measured Wilson's shoes and Lynch's shoes with the same measure I used in the field, and the length of Wilson's shoe was the same as the length of one of the tracks, the shortest, and Lynch's shoes were the same length as the longest tracks. Wilson had the smallest shoe."

Appellant objected to this witness and Jim Lewis being permitted to testify that they measured the men's tracks found where the cotton was stolen with two pieces of cotton stalks, and had also measured the shoes of appellant and another, and they corresponded. No brief has been filed in behalf of appellant, and the only grounds urged to the introduction of this testimony were, that the testimony "was immaterial, irrelevant, incompetent, prejudicial and hearsay, and it was an opinion." The testimony was very material, and was not an opinion but a statement of a fact—they had measured the tracks and the shoes of appellant, and these were very cogent circumstances and admissible in evidence. Mr. Branch in his Criminal Law, says: "Where a witness qualifies himself to give his opinion as to similarity of tracks by taking measurements, making tests, etc., his opinion is admissible," citing Weaver v. State, 46 Texas Crim. Rep., 607; McLain v. State, 30 Texas Crim. App., 482; Goldsmith v. State, 32 Texas Crim. Rep., 112; Thompson v. State, 45 Texas Crim. Rep., 190; Meyers v. State, 14 Texas Crim. App., 35; Rippey v. State, 29 Texas Crim. App., 37.

He also objected to this witness and Wm. Rector testifying that they noticed the tracks, and stating that the wagon had been backed up to that smokehouse (where the cotton was found) and the team taken out and the cotton unloaded; that the tracks had been rubbed out by the foot (the witnesses moving their hands backwards and forward), and the tracks had been spoiled out as far as twenty feet from the door. These were facts which the witnesses should have been permitted to testify to, as they saw them, and the fact that the tracks had been rubbed out leading to the door where the cotton was found, to say the least of it, would be a very suspicious circumstance, and as this is a case depending on circumstantial evidence, the court did not err in admitting the testimony.

The only other testimony objected to was testimony as to the mule tracks found in the field. The witnesses say they were "common mule tracks," and as there was no evidence to show that these tracks were compared with the tracks made by mules owned by appellant, nothing prejudicial to appellant was admitted. It was certainly permissible for witnesses to state that they saw mule tracks, and it was admissible to

prove that appellant owned mules. If there had been an effort made to compare the tracks found with the known tracks made by appellant's mules, then if an objection had been made that no sufficient predicate had been laid, it might be good.

There is no motion for a new trial in the record, and the bills of exception present no error.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### May 7, 1913.

HARPER, JUDGE.—Appellant has filed a motion for a rehearing in which he earnestly insists that the testimony is insufficient to sustain the conviction. We have again reviewed the record, and while it is a case of circumstantial evidence, we think it amply supports the verdict. Jim Lewis had some cotton stolen from him one night. Dr. Maxwell was called to Lewis' house that night about 12 o'clock, and in going there he saw a wagon, with a mule team, stopped near where Lewis' cotton was stored. He called Lewis' attention to it, and shortly thereafter Lewis and a neighbor, Mr. Bowman, went to investigate the matter. The wagon had left Lewis' cotton patch, but they followed on down the road, and at appellant's house they saw a wagon with a mule team backed up to the smokehouse of appellant. The next morning cotton was found in this smokehouse. Lewis lost a certain character of cotton—Rowden. They found Rowden cotton in appellant's smokehouse. No explanation is given in the record where he got this Rowden cotton. Men's tracks were found at the point where Lewis lost his cotton. These tracks were measured. A known track of appellant was measured and they corresponded exactly. If these facts would not justify a finding that he was the person who stole the cotton, then it would be impossible to sustain a conviction unless someone saw the theft committed.

The motion for rehearing is overruled.

*Overruled.*