## CLIFTON COPE v. STATE.

No. A-2817. Opinion Filed February 2, 1918.

Rehearing Denied January 25, 1919.

(177 Pac. 920.)

1. **CONTINUANCE—Cumulative Evidence.** When a motion for continuance is interposed upon the ground of the absence of material witnesses, and the record discloses the fact that the testimony of such witnesses would be cumulative, this court, as a general rule, will not interfere with the order of the trial court overruling such motion.

2. **APPEAL AND ERROR—Sufficiency of Evidence.** Where there is competent evidence in the record from which the jury could rationally conclude that the crime has been committed as alleged,

and that the defendant is guilty thereof, a verdict will not be disturbed upon the ground that it is contrary to the evidence.

3. **APPEAL AND ERROR—Harmless Error—Remarks of County Attorney.** Where objection was made to the argument of the county attorney, and the court promptly sustained said objection, and there was no request to withdraw such remarks from the consideration of the jury, and the remarks of the county attorney are not made statutory grounds for reversal, but are apparently improper, this court will not reverse or modify a judgment of conviction therefor, where it is apparent from a consideration of the entire record that the defendant was in no wise prejudiced thereby.

4. **JUDGMENT AND SENTENCE—Place of Imprisonment.** All persons convicted of a felony in this state may be sentenced by the trial judge to serve the term for which the jury has convicted either in the state penitentiary, located at McAlester, or in the state reformatory, located at Granite, in the discretion of the trial judge passing sentence.

5. **APPEAL AND ERROR—Assignments of Error—Citation of Authorities—Review.** It is necessary for counsel for plaintiffs in error not only to assert error, but to support their contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred.

*Appeal from District Court, Custer County;*
*Thomas A. Edwards, Judge.*

Clifton Cope was convicted of grand larceny, and he appeals.   Affirmed.

*D. W. Buckner,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J.   Clifton Cope was convicted in the district court of Custer county, Okla., of the crime of grnad larceny, in that he stole a saddle belonging to one Henry Pietz.   The saddle was taken from Englewood, Kan., and carried into Custer county, Okla., where it was found in possession of one Homer Dodder, a farmer who lived near

the city of Clinton, Okla.   Mr. Dodder had, some time be-
fore the discovery of the saddle, purchased same from
Mr. Cope, who lived in the town of Gage, Okla., about 12
miles from Englewood, Kan.   Mr. Pietz, the owner of the
saddle, lived at the town of Knowles, Okla., about 15 miles
west of Gage, and about 22 miles southwest of Englewood,
Kan.

The first alleged error relied upon for reversal of this
judgment is that the court refused to grant a continuance
on account of absent witnesses.   It is admitted by counsel
in the brief for plaintiff in error that the testimony of the
absent witnesses was cumulative, and this fact clearly ap-
pears from the record, because other witnesses were used
by the defendant who testified to the same state of facts
that the affidavit for continuance shows was expected to be
proved by the absent witnesses.   That the court under
such circumstances did not commit error in refusing a con-
tinuance is held in the following cases:   *Bethel v. State,* 8
Okla. Cr. 61, 126 Pac. 698; *Rose v. State,* 8 Okla. Cr. 294,
127 Pac. 873; *Litchfield v. State,* 8 Okla. Cr. 164, 126 Pac.
707, 45 L. R. A. (N. S.) 153.

It is next contended that the court erred in refusing to
peremptorily instruct to acquit the defendant.   This as-
signment of error may be properly considered· in connec-
tion with the assignment that the evidence is insufficient
to sustain a conviction, and the judgment should therefore
be set aside.   We have carefully examined the evidence in
this case.   It is unnecessary to enter into a discussion of
the same, because, under repeated holdings of this court,
it is only necessary to determine, where questions of this
kind are raised, whether or not ˙ there is any evidence in
the record from which the jury could rationally conclude
that larceny was committed as alleged, and that the de-

fendant is guilty thereof. There are numerous circumstances and facts testified to by the witnesses, both in chief and on rebuttal, that indicate clearly the guilt of this defendant of the crime charged, and under such circumstances this court will not set aside a judgment, especially after its approval by the trial court, where the same question was raised upon motion for new trial. See *Ostendorf v. State*, 8 Okla. Cr. 362, 128 Pac. 143; *Caple v. State*, 3 Okla. Cr. 621, 105 Pac. 618; *Bishop v. State*, 9 Okla. Cr. 175, 130 Pac. 1173.

The argument of the county attorney is also complained of, but the record shows that, when this argument was objected to, the court promptly sustained the objection of defendant's counsel. There was no further request by said counsel to withdraw the remarks from the jury. The remarks were not such as are made grounds for reversal by statute, and while we believe them to have been improper, in view of the fact that the punishment for the offense committed was fixed at five months' imprisonment, we cannot believe that the defendant was seriously harmed thereby. Apparently they had very little weight with the jury, and in no way prejudiced the defendant.

It is also contended that the court erred in not sentencing the defendant to the state penitentiary in accordance with the verdict of the jury. Such verdict provided five months' imprisonment in the penitentiary. The court sentenced defendant to five months' imprisonment in the state reformatory, located at Granite. Section 7 of chapter 217, Session Laws of Oklahoma 1913, apparently authorizes the trial judge, in passing sentence in felony cases, to either sentence convicted persons to imprisonment at the state penitentiary or to imprisonment at the Oklahoma state reformatory, except where the defendant is convicted of certain crimes (not including grand lar-

ceny) as therein noted in said section. It was certainly not prejudicial to the defendant that he be imprisoned in the state reformatory, instead of the state penitentiary. This assignment of error is frivolous.

Other alleged errors are complained of. Matters are asserted to be prejudicial to this defendant by his counsel, without the citation of a single authority to support same. The entire brief does not contain the citation of a single case to support a single contention advanced in behalf of this defendant. He was energetically defended in the trial court by the same counsel who represents him here, and we are inclined to the belief that, if authorities had existed to support numerous contentions relied upon by counsel, the same would have been incorporated in his brief. This court has repeatedly warned counsel representing plaintiffs in error, upon whom exists the burden of convincing this court that the trial court has by its actions and rulings prejudiced the substantial rights of a convicted person, that it is necessary, not only to assert error, but to support the contentions made by both argument and authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that counsel makes of error. The crowded condition of our docket renders it practically impossible to do so. We are constrained to state, however, the defendant in this case is to be congratulated that the punishment inflicted is so wholly disproportionate to the offense committed. Few states provide a minimum punishment for grand larceny at imprisonment for less than one year.

The judgment of the trial court is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.