## E. J. HELM v. STATE.

No. A-4872. Opinion Filed July 25, 1925.
(238 Pac. 500.)

S. A. Byers, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that in Oklahoma county November 26, 1923, E. J. Helm did have possession of intoxicating liquor, to wit, 170 gallons of wine containing more than one-half of one per cent. of alcohol, measured by volume, with the unlawful intent to sell the same. On the trial the jury returned a verdict

finding him guilty as charged in the information and fixing his punishment at a fine of $500 and confinement in the county jail for 6 months.

To reverse the judgment, he appeals, and assigns as error the invalidity of the search warrant upon which all the evidence offered by the state was obtained by an unlawful invasion of his home, and an illegal search and seizure.

When the case was called for trial, defendant's counsel made a motion to set aside and hold for naught the information and suppress the evidence, because it was obtained unlawfully in the execution of an illegal search warrant, in violation of defendant's constitutional rights, and attached the copy of the search warrant which was served on the defendant.

The material recital of said warrant is as follows:

"Proof by affidavit having been made this day before me by a competent person known to me, showing that on the 25th day of November, 1922, E. J. Helm, at number N. E. 1-4 Sec. 5, R. I. 1 west of town in a certain building described as ———— in ———— did then and there unlawfully and willfully have in their possession and under their control," etc.

The testimony of R. J. Lanyon and Jack Conrad, deputy sheriffs, showed that the officers went to defendant's home after midnight, 10 miles east of Oklahoma City, and searched the premises, finding in a storm cave in the back yard four barrels partly full of what they termed wine. The officers took a sample of it in a fruit jar for the purpose of analysis and broke up the barrels. The testimony of the chemist showed that the sample contained 13.65 per cent. of alcohol, measured by volume. All of the evidence was introduced over the defendant's objections.

On the cross-examination of R. J. Lanyon, the following questions were asked:

"Q. I will ask you if it isn't a fact that at that time you had a blank warrant which was later filled in? (The state's objection to this question was sustained.)

"Q. I will ask you if you didn't take a warrant that was blank in the name of T. F. Donnell, after you got out there, and filled it in, and used it for the purpose of making that search? (Objection as not proper cross-examination sustained.)

"Q. You didn't go before Donnell and make an affidavit to get it, did you? (Objection sustained.)"

On cross-examination, the witness Jack Conrad was asked:

"Q. Did you see R. J. Lanyon fill in that search warrant? A. I saw him sign his name to it.

"Q. Did you see him fill in the blank spaces? A. It was in the office before we left. We tried to get in touch with Donnell.

"Q. You know you didn't have that search warrant filled in?

"By the Court: Don't argue with the witness."

Then the state rested, and the defendant moved for a directed verdict in the form of a demurrer to the evidence, which was overruled.

The proof on the part of the defendant tended to show that the defendant had raised that year two crops of berries on his farm, 80 acres, 10 miles east of Oklahoma City on the Reno Street section line, and that the contents of the barrels was vinegar, made from defective fruit, principally blackberries and water; that it had passed the stage of fermentation.

There can be no doubt that the search of the defendant's home was illegal. It will be observed that the warrant

describes the defendant's place in meaningless numbers, and as west of town, and the undisputed fact is that the defendant's home was 10 miles east. Thus it appears that the search and seizure was in violation of the defendant's constitutional rights.

By numerous decisions of this court it is held that evidence obtained by a search of the defendant's home, under a search warrant, issued without the authority of law, for the sole purpose of obtaining evidence against him, in violation of Bill of Rights, section 30, guaranteeing the security of the people in their right to be exempt in their persons, houses, and effects from unreasonable searches and seizures, is inadmissible against him. Committi v. State, 28 Okla. Cr. 380, 231 P. 316, and cases cited,

There being no proof of the defendant's guilt except that which was obtained in an unlawful way, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.