## JOHN MOORE v. STATE.

No. A-5615. Opinion Filed May 22, 1926.
(246 Pac. 648.)

George L. Zink, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. On information charging that on the 30th day of August, 1924, John Moore did transport and convey whisky in a bottle from one place in Kiowa county "on section line running north and south, first west, of Deitrick Lake about one-quarter of a mile north and then to Deitrick Lake, a distance of about one-half mile." He was convicted, and in accordance with the verdict was sentenced to serve a term of 90 days in jail and to pay a fine of $100.

To reverse the judgment, he appeals and assigns as error that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in giving certain instructions and in refusing to give his requested instruction on circumstantial evidence.

Sam Sanderfer, deputy sheriff, testified: About 10 p. m. he with Mr. Settle drove out west of Deitrick Lake about a quarter of a mile and passed a car parked by the side of the road. That he went on a little ways and stopped and saw a man pick up something and go to the car and start away. That they followed the car to Deitrick Lake. There the man got out and put a bottle in a prairie dog den and went on. That he picked up the bottle and it contained whisky. That a little further on he picked up a hat. That he asked the man collecting the parking fee who that fellow was, and he said it was John Moore. A man named Patterson asked him if he was looking for John Moore. He said "Yes"; and Patterson went away and shortly returned with defendant, who was bareheaded. That the man who got out of the car and placed the whisky there had on the same kind of pants that defendant was wearing. That he never saw defendant before that night. That there was a big crowd there, the shows and the carnivals were still running, and he stopped the boxing match.

W. E. Settle, undersheriff, testified: That the first

time he ever saw defendant was at Deitrick Lake. That he was with Officer Sanderfer when they noticed a car by the side of the road. That they turned into a field and watched a man walk along the fence and pick up something and then go back to the car. That Sanderfer followed him in their car, and witness walked back to the picnic grounds.

As a witness in his own behalf, defendant testified: That he lived 8 miles north of Lawton, and had been farming all his life. That he went out to Dietrick Lake for the picnic, rodeo, and carnival with Willis Moore, his brother, who parked his car on the west side of the picnic grounds. That they arrived there that evening, and he did not use the car at any time until after his arrest. That W. C. Stamper, Jack Stamper, Frank Stamper, J. W. Stamper, and Fred Lawson came there with them, and they all took in the show together that evening.

Each of the above parties named testified and corroborated defendant as to the fact that he was with them all that evening and did not leave the carnival grounds until after his arrest.

On the record before us, we are convinced that this defendant should have a new trial.

The court gave the following instruction:

"No. 8. You have a right to take into consideration all the facts and circumstances surrounding this case in arriving at your verdict. Exception allowed."

Defendant requested the court to give an instruction on the law of circumstantial evidence, which the court refused to do. The instruction which was presented and requested to be given was in the approved form of the law of circumstantial evidence. In view of the instruction excepted to not fully stating the law, the instruction asked for should have been given, and it was error for the court to refuse it. Rutherford v. U. S., 1 Okla. Cr.

195, 95 P. 753; Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Pierson v. State, 13 Okla. Cr. 382, 164 P. 1005.

The judgment appealed from is therefore reversed, and the cause remanded for further proceeding in accordance with law.

BESSEY, P. J., and EDWARDS, J., concur.