TOM CARROLL v. STATE.

No. A-8358.   Dec. 3, 1932.

(16 Pac. [2d] 891.)

A. C. Brewster, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Mayes county of stealing domestic fowls, and was sentenced to serve a term of 18 months in the penitentiary.

The principle contention is that the court erred in refusing a requested instruction on circumstantial evidence. The requested instruction was in proper form. If the evidence for the state were fully circumstantial, the refusal of the request would be error. This rule is well settled. Bock v. State, 34 Okla. Cr. 313, 246 Pac. 642; Moore v. State, 34 Okla. Cr. 277, 246 Pac. 648. It is equally well settled that the instruction on circumstantial evidence should not be given unless the testimony for the state is wholly circumstantial. Star v. State, 9 Okla. Cr. 210, 131 Pac. 542.

The state in a large measure relied on circumstantial evidence, as is the usual case where a theft is committed in the nighttime. The subject of the larceny were stolen at the place of one Hill and were taken to the residence of one Bean, at which place the witness Mayfield resided. The testimony of this witness is not circumstantial, but is di-

rect testimony of the asportation of the stolen property by defendant; thus:

"Q. Do you know Tom Carroll? A. Yes, sir. * * * Q. Were you waked up that night any time after you got home? A. Yes, sir. Q. Who waked you up? A. Tommy Carroll and one of the Brock Twins. * * * Q. What did they say? A. They said—they waked me up, I asked them who it was. They said Tommy Carroll and one of the Brock Twins. * * * Q. Did you go out? A. Yes, sir. Q. What else if anything did Tommy Carroll say to you? A. I asked him what did he want, he said he had some chickens. * * * A. Said he wanted to leave them there for James Manley, I asked him were they stolen he said no. * * * Q. What were they in? A. Two gunny sacks. Q. What did you do with the chickens? A. Put them in the smokehouse. * * * Q. Did you know the boys? A. I knowed Tommy Carroll and one of the Brock Twins, but I did not know which one it was. * * *"

On cross-examination this witness testified that when the chickens were discovered at his place he was arrested and he made a false explanation to the officers. Also on cross-examination he reiterated and strengthened his testimony just quoted, but stated in substance that at the time the defendant brought the chickens to the place he did not recognize Carroll or the others by sight, but by the voice, as it was dark. This statement, however, does not render the testimony any less direct. The court did not err in refusing to instruct on circumstantial evidence.

Next it is argued the court erred in admitting incompetent evidence. This assignment is directed at various items of the testimony; one of the items, in substance, was that a wheel on defendant's car made a track the same as one made by a car near the scene of the theft; another item that tracks of persons leading from the chicken house

to the place where a car had stopped were the same as the tracks made by shoes of one of the party. It is insisted this testimony is an opinion of the witnesses and incompetent. It is sometimes said evidence of this kind is a statement of fact as it appeared to the witness and not an opinion. As a general rule the witnesses should testify to facts and let the jury draw their conclusion from the facts as stated. This rule, however, should not be pushed to the extreme limit; it is modified by the further rule that opinions or conclusions of ordinary witnesses derived from common experience and observation of things which persons generally are capable of comprehending and understanding are admissible when the nature of the subject-matter is such that it cannot be reproduced or detailed to the jury precisely as it appeared to the witness at the time. Whether this testimony be classed as a statement of fact or an opinion, it was admissible. In re Miller's Estate, 36 Utah, 228, 102 Pac. 996. See, also, State v. Burke, 124 Wash. 632, 215 Pac. 31; Cunningham v. State, 14 Ala. App. 1, 69 So. 982; Wilson v. State, 70 Tex. Cr. R. 340, 156 S. W. 204; Williams v. State, 78 Tex. Cr. R. 647, 182 S. W. 335.

Some other matters are discussed in the briefs, but none are of sufficient importance to require special discussion. No material error is apparent.

The case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., not participating.