MAMIE TYLER v. STATE.

No. A-9917. Feb. 18, 1942.

(122 P. 2d 826.)

40

Page & Spencer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.  Mamie Tyler was charged in the county court of Grady county with the crime of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $150, and has appealed to this court.

In the brief filed herein by the defendant, two propositions are presented:

(1) The evidence of the state is insufficient to support the verdict; (2) the punishment assessed is excessive.

The question of the sufficiency of the evidence was never raised in the trial court. No demurrer to the evidence as being insufficient, nor motion for a directed verdict, was ever presented. Neither was such question raised in the petition in error filed herein.

It is well established that errors occurring during the trial cannot be considered unless they were incorporated in the motion for a new trial, and thereby submitted to the trial court and its ruling thereon excepted to and afterwards assigned for error. Ledgerwood v. State, 6 Okla. Cr. 105, 116 P. 202; Cardwell v. State, 20 Okla. Cr. 177, 201 P. 817; Signs v. State, 35 Okla. Cr. 340, 250 P. 938; Brashears v. State, 38 Okla. Cr. 175, 259 P. 665.

However, if the errors complained of are fundamental in character, such questions would be considered in this court even though raised for the first time on appeal.

Fundamental errors are those which go to the foundation of the case, or which take from the defendant a right which was essential to his defense.

Where there is total lack of any evidence to show the commission of a crime, or to connect the defendant with a crime after the commission is shown, such a deficiency would be considered a fundamental error.

The case is weak. Three and one-half pints of whisky were found in the possession of a neighbor residing adjacent to the home of the defendant by officers of Grady county. The person in whose possession the whisky was found told the officers it belonged to the Tylers. The officers went immediately to the home of the defendant next door and the defendant, when questioned concerning the whisky, stated it was her liquor and that she was ready to go with the officers. The woman in whose house

the whisky was found testified for the state that the whisky was brought to her house and hidden in a basket by the husband of the defendant who stated they were expecting a raid.

As hereinbefore pointed out, no objections were made to the introduction of any of the evidence and no question as to the sufficiency of the evidence was ever presented, and while the evidence is weak, we cannot say that there is an absolute lack of any testimony to show the defendant guilty of the offense.

Because of the weakness of the state's case and the small amount of intoxicating liquor involved, we feel that the contention of the defendant that the punishment assessed is excessive should be sustained.

It is therefore ordered that the judgment of the county court of Grady county be reduced from 30 days in the county jail and a fine of $150 to 30 days in the county jail and a fine of $50, and the judgment and sentence of the county court of Grady county, as thus modified, is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.