## SHERMAN HAMMONS v. STATE.

No. A-10375. Feb. 21, 1945.

(156 P. 2d 379.)

34

Harold McArthur, of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, P. J. Defendant, Sherman Hammons, was charged in the court of common pleas of Tulsa county with the crime of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $100 and costs, and to serve a term of 60 days in jail, and has appealed.

For a reversal of this case, it is contended:

"1. The court erred in overruling plaintiff in error's motion to suppress evidence.

"2. The court erred in overruling demurrer to evidence of the state and motion for directed verdict.

"3. Error of the court in failing to instruct on circumstantial evidence and in the giving of instruction eight.

"4. Court erred in admitting incompetent, irrelevant testimony and evidence."

As to the first contention, we have carefully examined the record, together with the evidence given on the motion to suppress, and have come to the conclusion that the court did not err in overruling the motion. We have often held that the issuance of a John Doe warrant is bad practice, and should not be used unless absolutely necessary. Sanders v. State, 76 Okla. Cr. 6, 133 P. 2d 562; Vincent v. State,

75 Okla. Cr. 116, 129 P. 2d 196; Quick v. State, 75 Okla. Cr. 176, 129 P. 2d 604; Cook v. State, 75 Okla. Cr. 402, 132 P. 2d 349.

But we have not held that they are void for this reason alone. Where the evidence reveals that the name of the party whose premises are to be searched is unknown, and a proper description is given of the property so that the officer serving the same may determine from the search warrant itself the property to be searched, without the necessity of obtaining information other than from the search warrant, the same may be executed. The evidence in the instant case is sufficient to sustain the information in this case, and also to hold that the description is sufficient.

The second and third assignments of error may be considered together. The officers, in executing the search warrant of defendant's home, also searched a building in the rear of his premises, which was used as a garage or store room, and another room in connection therewith. This they had a right to do under the terms of the search warrant. The floor of this building was covered with hay, and under the floor the officers found 34 half pints of whisky. No whisky was found in defendant's home. The defendant was not present at the time of the search. The evidence revealed that defendant owned the garage building where the whisky was found, but his wife testified that the premises were leased to Monroe Medlin, who was a brother-in-law of defendant, and who resided in a two-room house about 200 or 300 yards from defendant's home. Monroe Medlin's home was also searched, under a different search warrant, at the same time defendant's premises were searched.

The testimony which attempted to connect defendant with the possession of the liquor in question was wholly

circumstantial. There was no direct and positive evidence to connect defendant with the possession of the liquor. Under these circumstances, we are of the opinion that the court erred in refusing to give the requested instruction of the defendant upon the question of circumstantial evidence. Moore v. State, 34 Okla. Cr. 277, 246 P. 648; Breedlove v. State, 49 Okla. Cr. 428, 295 P. 239; Ayers v. State, 53 Okla. Cr. 89, 7 P. 2d 918, 919; Carroll v. State, 54 Okla. Cr. 196, 197, 16 P. 2d 891; Craigo v. State, 64 Okla. Cr. 362, 81 P. 2d 336.

We have examined instruction No. 8, given by the court. Inasmuch as this case must be reversed by reason of the error heretofore mentioned, we suggest that on a retrial of the case, the court instruct the jury under the terms of the statute, 21 O. S. 1941 § 172, and thus give the jury an opportunity to pass upon the question of fact as to whether Monroe Medlin was in possession of the liquor, and the defendant was interested with him in the possession of the same. Instruction No. 8, complained of, had a tendency to place the burden of proof upon the defendant.

We note from the record that the trial court, in his instructions to the jury, defined the term "reasonable doubt." From the very early days of this court we have held that it is best that this term should not be defined. Gransden v. State, 12 Okla. Cr. 417, 158 P. 157; Nelson v. State, 5 Okla. Cr. 368, 114 P. 1124; Soper v. State, 22 Okla. Cr. 27, 208 P. 1044. No exception was taken to this instruction, and for this reason this case would not be reversed for this error alone. However, if the case is to be retried, this instruction should be eliminated.

As to the contention that incompetent and irrelevant testimony was admitted, this assignment of error need

not be considered, as it will not occur in a future trial of the case.

For the reasons above stated, the judgment and sentence of the court of common pleas of Tulsa county is reversed, and the case remanded.

JONES, J., concurs. DOYLE, J., not participating.