Jerry Lee JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12552.

Criminal Court of Appeals of Oklahoma.

Feb. 12, 1958.

980

Tom Smith, Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Jerry Lee Johnson was charged by Information in the County Court of Seminole County with the offense of reckless driving of a motor vehicle. A jury was waived and the case tried before the trial judge who found the defendant guilty and assessed his punishment to pay a fine of $100 and costs. From said judgment and sentence the defendant appeals.

Though the defendant alleges seven assignments of error in his petition of error, only one question was raised by defendant on oral argument of the case. The defendant contends that the trial court erred in overruling his motion to quash, which was presented prior to trial and read as follows:

"Comes now Jerry Lee Johnson, and moves the court to quash the Informa-

tion filed herein for the reason that the court does not have jurisdiction to hear and try this defendant for the following reasons: That the Information charges that the defendant, Jerry Lee Johnson, committed the crime of Reckless Driving on or about the 30th day of June, 1956; that the defendant, Jerry Lee Johnson, was, at that time of the age of 15 years; that the defendant did not attain the age of 16 until July 7th, 1956; that the defendant was not afforded the rights guaranteed him by our Statutes covering Juvenile defendant, in that he was not adjudicated, either as an adult, or as being responsible to answer for his acts, as alleged in the Information before the Information was filed in this court."

The defendant filed no brief and in his oral argument cites no authority in support of his contention. Under previous holdings of this court we are not required to examine this record any more than search for errors of a fundamental nature. It was said in the case of Cope v. State, 15 Okl.Cr. 437, 177 P. 920, 921:

"It is necessary for counsel for plaintiffs in error, not only to assert error, but to support their contention by both argument and citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

If there was merit in the defendant's contention that the court erred in overruling the motion to quash by reason of the fact that the Juvenile Court had not proceeded under the Juvenile Act, of course, it would be considered as a fundamental error. However, this question has been squarely passed on by this court unfavorably to defendant's contention.

The record reflects that the offense for which the defendant was charged occurred on the 30th day of June, 1956, 7 days prior to his 16th birthday. The information charging the defendant with the offense was filed on July 10, 1956,

three days after defendant had reached the age of 16. The precedent by which this court is now governed is clearly established and set forth in the case of Ex parte Lewis, 85 Okl.Cr. 322, 188 P.2d 367, 374, where the court said:

"The Juvenile Act takes away no jurisdiction heretofore conferred on the courts to try an offense against the penal laws of the State, and where a male child under 16 years of age or a female under 18 years of age commits a crime but the juvenile court did not acquire jurisdiction to make an adjudication of juvenile delinquency before it reached the age of 16 years in the case of a male and 18 years in the case of a female, courts of competent jurisdiction may proceed to try said child as though he were an adult, without resort to the juvenile court."

It would be needless for this court to elaborate further on this question for the reason it is ably and thoroughly discussed in the Lewis case, supra. In accord with the previous decisions of this court, we hold the trial court did not err in overruling the motion to quash and the case is therefore affirmed.

BRETT, P. J., and POWELL, J., concur.