Marvin B. BORING, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13352.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1964.

Thomas Dee Frasier, Frank A. Greer, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge.

Marvin B. Boring was charged in the district court of Tulsa County with the crime of robbery with firearms, and convicted of the included offense of attempted robbery with firearms. The jury failed to fix the penalty, and by agreement of the attorneys, the court fixed the punishment, and assessed a term of five years in the State Penitentiary. Appeal has been perfected to this Court.

For reversal, counsel for defendant in his petition in error sets out five specifications of error, but in his brief states: "Plaintiff in error relies upon his exception to Instruction No. 9 as the basis for his prayer that this case be reversed by this honorable court", and does not present or argue the other assignments of error.

▮ This Court has held that it is necessary, not only to assert error, but to support the contentions made by both argument and authorities. Where this is not done, and it is apparent that defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertions that counsel makes of error. Cope v. State, 15 Okl.Cr. 437, 177 P. 920; Miller v. State, Okl.Cr., 321 P.2d 390.

We find it unnecessary, therefore, to discuss the evidence.

As to the instruction complained of, we find that the defendant objected to the giving of instructions Nos. 5, 6 and 9, as shown by the record, but in his motion for new trial, and in the petition in error filed in this Court, he only mentions error of the court in giving instructions Nos. 4, 5 and

8; and in his brief confines his argument and citation of authorities to instruction No. 9.

▮ We have consistently held that an assignment of error not raised in the motion for new trial nor in the petition in error, will not be considered on appeal unless the question raised is so fundamental that it deprives the court of jurisdiction. Kizer v. State, 96 Okl.Cr. 92, 249 P.2d 132; Jackson v. State, 86 Okl.Cr. 420, 193 P.2d 895; Tyler v. State, 74 Okl.Cr. 39, 122 P.2d 826; Herren v. State, 74 Okl.Cr. 424, 127 P.2d 215; Holloway v. State, 39 Okl.Cr. 88, 263 P. 176, and cases cited.

However, since defendant in his brief relies entirely on his exception to the one instruction, we shall consider the same.

Instruction No. 9 reads:

"A 'reasonable doubt' means a doubt founded upon reason. It does not mean a fanciful doubt, or a whimsical or capricious doubt, for anything relating to human affairs and depending upon human testimony is open to some possible or imaginary doubt. When all the evidence in the case, carefully analyzed, compared and weighed by you, produces in your minds a settled conviction or belief of the defendant's guilt, such a conviction as you would be willing to act upon [in] matters of the highest importance relating to your own affairs, when it leaves your minds in the condition that you feel an abiding conviction amounting to a moral certainty of the truth of the charge, then, and in that event, you would be free from a reasonable doubt. Absolute or mathematical certainty is not required but there must be such certainty as satisfies your reason and judgment, and such that you feel conscientiously bound to act upon it."

This Court has often held that it is improper and unnecessary to define the term "reasonable doubt" in the instructions to the jury in criminal cases. Hammons v. State, 80 Okl.Cr. 33, 156 P.2d 379; Moore v. State, 90 Okl.Cr. 415, 214 P.2d 966. We

have also approved instructions defining such term. Chandler v. State, 3 Okl.Cr. 254, 105 P. 375, 107 P. 735; McDaniel v. State, 8 Okl.Cr. 209, 127 P. 358; and in the late case of Young v. State, Okl.Cr., 373 P.2d 273.

Defendant cites the Young case, supra, and states that this Court in that case condemns the trial court's attempt to define the term "reasonable doubt".

Judge Bussey wrote an exhaustive opinion in the Young case and thoroughly discussed this proposition. The instruction complained of in the Young case is identical with the one here involved, and was given by the same trial judge. In the Young case this Court said:

"We agree with our predecessors that the trial court should not undertake to define the term 'reasonable doubt', however, where the court below has given an instruction defining 'reasonable doubt', we will carefully examine the instruction with reference to the whole record before us, and if it should appear from such scrutiny of the record that the effect of such instruction is not one of injury to the defendant, we will not reverse the cause solely on the basis of such instruction."

The Court concludes the discussion of this instruction with the statement:

"We are therefore of the opinion that it was not error for the Court to submit to the jury the instruction above referred to and that the defendant was not prejudiced thereby."

Under the authorities herein cited, we find it unnecessary to consider the other assignments of error mentioned in the motion for new trial and the petition in error.

We have carefully read and considered the record and the briefs of the defendant and the State. We find no fundamental error, and the judgment and sentence of the district court of Tulsa County is therefore affirmed.

BUSSEY, J., concurs.

NIX, Judge (dissenting):

The early decisions of this Court have held that it is better that the trial judge refrain from an attempt to define "reasonable doubt". The Court in recent decisions has failed to reverse convictions because of an instruction defining the term. However, in each instance the Court has vigorously criticized such an instruction. I prefer adherence to the ruling as laid down in Hammons v. State, 80 Okl.Cr. 33, 156 P.2d 379, wherein it is stated that to define reasonable doubt constitutes grounds for reversal. If the rule was worthy of being adopted by this Court, there should be no exceptions. Therefore, I cannot agree to relaxing the rule by saying it is harmless.