Marvin B. BORING, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13639.

Court of Criminal Appeals of Oklahoma.

May 19, 1965.

James P. Goeppinger, Tulsa, for plaintiff in error.

No appearance for defendant in error.

BUSSEY, Presiding Judge.

Marvin B. Boring was charged by information in the District Court of Tulsa County with the offense of robbery with firearms. He was tried by a jury who found him guilty of the included offense of attempted robbery with firearms.

Judgment and sentence was pronounced by the trial court fixing his punishment at five years imprisonment in the State Penitentiary, and an appeal was perfected to this Court.

The contentions raised on appeal were determined adversely to plaintiff in error in Boring v. State, Okl.Cr., 395 P.2d 344, and the mandate of this Court was ordered spread of record by the Honorable W. Lee Johnson, one of the District Court Judges in and for Tulsa County, Oklahoma.

An application for probation was then filed by the said Marvin B. Boring, which was overruled by the Honorable W. Lee Johnson. Thereafter, a motion for new trial was filed by the defendant, which was denied and from the order denying the motion for new trial, defendant attempts to appeal.

Title 22 O.S. § 1051 provides:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

The right of the defendant to appeal to the Court of Criminal Appeals is limited under the provisions of Title 22 O.S. § 1051, supra, to an appeal from a judgment and sentence rendered against him.

 It is readily apparent that an order denying a motion for new trial from an order overruling defendant's application for probation is not a judgment and sentence within the meaning of Title 22 O.S. § 1051, supra, and therefore, an appeal to the Court of Criminal Appeals is not au-

thorized from an order of a trial court denying a motion for new trial after an application for probation has been denied when an appeal from the original judgment and sentence has been reviewed by the Court of Criminal Appeals and affirmed and the mandate spread of record in the trial court.

We are of the opinion that when it appears that a purported appeal is not authorized by law, the Court of Criminal Appeals, should, on its own motion, dismiss said appeal.

The purported appeal is accordingly dismissed.

NIX and BRETT, JJ., concur.