Herman ALEXANDER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14642.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1969.

Rehearing Denied Jan. 13, 1971.

Tal Oden, of Oden, Oden & Derryberry, Altus, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

The Plaintiff in Error, Herman Alexander, hereinafter referred to as "defendant", was charged by information in the District Court of Jackson County, Oklahoma, with the crime of burglary in the second degree after former conviction of a felony. The specific allegation was that the defendant on or about April 1, 1967, stole a television set from a home in Altus, Oklahoma, after forcefully breaking into it.

The case came on for trial by a jury on the 22nd day of August, 1967, and on the same day the jury returned a verdict finding the defendant guilty as charged in the information of the offense of burglary in the second degree, after former conviction of a felony and assessing his punishment at 15 years in the state penitentiary.

The motion for a new trial filed on behalf of the defendant was overruled on September 5, 1967; and on the same date judgment and sentence was entered upon the jury's verdict. From that judgment and sentence, the defendant now brings this appeal. Oral argument in this case was had on September 25, 1968. The facts briefly stated are:

The burglary with which this prosecution was concerned occurred on the evening of April 1, 1967, of an unoccupied residence located at 824 Rochester Drive, Altus, Oklahoma. The home was forcefully entered by breaking the window of the rear door and a television set was stolen. From the testimony of the state's witness, it established the following to be in substance what occurred.

Mrs. Idella Talley testified that she was the caretaker of the unoccupied residence broken into and as such made frequent trips to the house to pick up the mail and check to see that no trespassing had occurred. On the morning of April 1, 1967, she made a routine check and everything was normal; but on Sunday Morning April 2, 1967, she discovered that the house had been entered forcefully through the rear door and a television set taken. She identified the television set taken from the defendant by police officer Leonard Bearden and held in possession by the State as the one which was stolen from the home.

Altus Police Officer Bearden testified that on the evening of April 1, 1967, he passed by the defendant and an accomplice trying to put a television set in the defendant's car approximately 400 yards from the burglarized home. Being suspicious, he took the two men and the television set to the county jail at which time they were questioned by Deputy Sheriff Paul Wilson.

Mr. Wilson testified that before he questioned the defendant he informed him of his constitutional rights and that during the ensuing interrogation, the defendant and his accomplice admitted they had taken the television set from the house located at 824 Rochester Drive. Subsequently, he and Officer Bearden made an investigation of the burglarized home and their findings substantiated the testimony of Mrs. Tal-

ley's as to the forcible entry through the rear door.

The defendant elected not to take the stand in his own behalf and maintained his defense of not guilty.

Counsel for the defendant sets out four different propositions in his brief wherein he urges reversal on one of the several general propositions of law. However, he fails to give any citations of authority in his brief to support any of his arguments. The court has made its position clear many times before concerning this situation. It was clearly pointed out in Cope v. State, 15 Okl.Cr. 437, 177 P. 920:

> "It is necessary for counsel for plaintiffs in error, not only to assert error, but to support their contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

See also: Anderson v. State, 8 Okl.Cr. 90, 126 P. 840, and Klein v. State, 15 Okl. Cr. 350, 176 P. 414.

Therefore after having reviewed the record and briefs before this Court for fundamental error, and finding none, we are of the opinion that this judgment and sentence should be affirmed.

It is so ordered.

BUSSEY, and NIX, JJ., concur.