RUTHERFORD V. UNITED STATES.

No. 843, Ind. T.   Opinion Filed May 16, 1908.

(95 Pac. 753.)

CRIMINAL LAW—Circumstantial Evidence—Instructions—Necessity.
Where, in a criminal case, circumstantial evidence solely is relied
on for a conviction, it is error for the trial court to fail and refuse
to instruct on the law applicable thereto when the defendant re-
quests it.

(Syllabus by the Court.)

*Error from the United States Court for the Central District of
the Indian Territory, at Atoka; Thomas C. Humphrey, Judge.*

Emmett Rutherford was convicted of grand larceny, and ap-
peals.   Reversed.

On the 14th of November, 1905, the grand jury for the Unit-
ed States Court in Indian Territory, Central District, sitting at
Durant, returned its indictment into open court charging Emmett
Rutherford and Charles Jones with having on the 12th day of
June, 1905, within that jurisdiction, committed the crime of
grand larceny of certain saddles and harness belonging to E. R.
Benson of the value of $62. Jones fled and was not caught. The
defendant, Rutherford, on arraignment, pleaded not guilty.

The evidence connecting Rutherford with the offense was en-
tirely circumstantial.   The facts are briefly as follows:   Benson,
the prosecuting witness, lived on a farm near the little town of
Utica.   On the night of the 12th of June, 1905, there was taken
from his barn and harness house the goods mentioned in the in-
dictment.   He went to town the next morning, secured the ser-
vices of one Dobbs, who, on going to the place where Rutherford
lived and where two Jones brothers were stopping, found a bor-
rowed buggy in the yard in which was a whip, part of the goods
which had been stolen from Benson.   On going into the house and

calling for defendant, who lived there, he, being upstairs, came down, and observing Dobbs, ran back again. Dobbs, having no warrant for his arrest, went to town to procure it, and coming back, found that the Jones boys who had been there when he first went to the place were gone, and after a search the defendant was found concealed or partially concealed about a half mile from his home. Tracks of two parties led toward the place where the stolen property was afterwards found. The searching party was led to the place of its concealment, which was about 3½ miles from defendant's home, by the defendant, and while he did not take the stand, it developed from cross-examination of members of the searching party that they were informed by him that the Jones boys had told him where the property was located, and in this manner he was able to disclose it.

The case was tried to a jury, which returned a verdict finding the defendant guilty as charged, and the court sentenced him to serve two years in the United States penitentiary. Motion for new trial was filed and overruled, and the case was taken by writ of error to the United States Court of Appeals for the Indian Territory at South McAlester, and was pending there on the passing of that court with the organization of the state of Oklahoma, and is before us by virtue of the terms of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267).

*Hatchett & Ferguson*, for appellant.

*Fielding Lewis* and *W. C. Reeves, Assistants Attorney General*, for the State.

DUNN, J. (after stating the facts as above). Defendant requested the court to give the following instruction:

"The jury are instructed that if in this case they can reconcile the circumstances tending to show defendant's guilt, if any, reasonably with the fact of the innoncence of defendant, then it is your duty to acquit him."

In addition to this, on the refusal of this instruction, counsel for defendant again urged the court to charge the law on cir-

cumstantial evidence. The instruction which was presented and the specific request were both refused by the court, and error, which is confessed by the Attorney General, is assigned therefor. The instruction asked for, or one governing the proposition involved, should have been 'given, and it was error for the court to refuse it. The Annotated Statutes of Indian Territory for 1899, § 1600, provides: "When the evidence is concluded, the court shall, on motion of either party, instruct the jury on the law applicable to the case"—and the authorities all hold, and without dissent, that where circumstantial evidence is relied upon for conviction this necessitates the court on the tral, when requested, to give the law applicable thereto in its instructions to the jury, and a failure to do so is error. 12 Cyc. 633; *State v. Cohen,* 108 Iowa, 208, 78 N. W. 857, 75 Am. St. Rep. 213; *Hamilton v. State,* 96 Ga. 301, 22 S. E. 528; *Wantland v. State,* 145 Ind. 38, 43 N. E. 931; *Gablick v. People,* 40 Mich. 292; *Territory v. Lermo,* 8 N. M. 566, 46 Pac. 16; 1 Greenleaf on Evidence, § 34; *People v. Scott,* 10 Utah, 217, 37 Pac. 335.

The rule as annunciated in Cyc. *supra,* is as follows:

"Where the prosecution relies solely upon circumstantial evidence, the court must always instruct upon the nature of circumstantial evidence. Such evidence should be expressly defined, and the rules governing its effect concisely stated."

In discussing the law of presumptive evidence Mr. Greenleaf, in the section cited above, thus states the reasons of the propriety and righteousness of such instruction:

"Thus, as men do not generally violate the Penal Code, the law presumes every man innocent; but some men do transgress it, and therefore evidence is received to repel this presumption. This legal presumption of innocence is to be regarded by the jury in every case as matter of evidence, to the benefit of which the party is entitled. And where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other rational conclusion."

In commenting on the refusal of an instruction requested by

a defendant on circumstantial evidence in a Michigan case, *Gablick v. People, supra,* Mr. Justice Cooley, who was at that time a member of the court, says:

"We think the plaintiff in error was entitled to the instruction requested. It is perfectly true that the jury must judge of the proper weight of the evidence; but when evidence is laid before them which only indirectly tends to raise an inference of guilt, and the importance of which must depend altogether upon circumstances, it is the right of the respondent to have the jury instructed how these circumstances bear upon the presumption of guilt. Possession of stolen property, if immediately subsequent to the larceny, may sometimes be almost conclusive of guilt (see *People v. Walker,* 38 Mich. 156); but the presumption weakens with the time that has elapsed, and may scarcely arise at all if others besides the accused have had equal access with himself to the place where it is discovered. A jury may or may not attach importance to these circumstances; but as the law permits the inference of guilt to be drawn, under some circumstances, and not under others, the jury should have some instruction how to deal with these circumstances when they are placed before them."

The compiled laws of Utah relating to instructions to juries are, in effect, substantially the same as those of Indian Territory, and in the case of *People v. Scott, supra,* it appears that the evidence on which it was sought to convict the defendant was circumstantial, and that defendant offered an instruction on this point, which was denied by the court, and the Supreme Court in that case held that, "where the testimony in a criminal case is entirely circumstantial, it is the duty of the court to charge upon the law of the subject, though the request offered by defendant on this subject was erroneous"; this being based upon the proposition that, although the instruction may not have been strictly formal, it at least amounted to a request or a motion, the denial of which was error.

The danger in cases where circumstantial evidence is entirely relied upon for conviction is that jurors being brought into court and impaneled for the purpose of determining the guilt or innocence of the defendant, and the court admitting the circumstances

as evidence against the defendant, unless warned in some manner, might be inclined to believe that absolute proof of the circumstances would be conclusive proof of the crime, and their attention would be exclusively directed to the evidence which established the incriminating circumstances, instead of weighing and judging whether or not the incriminating circumstances proven established the ultimate fact and proved beyond a reasonable doubt that defendant was the guilty party.

There are other assignments of error urged, practically all of which relate to alleged erroneous instructions, and, as the same questions will probably not arise in a further trial hereof, there will be no value in the discussion thereof.

The judgment of the trial court is accordingly reversed and set aside, and the defendant granted a new trial.

All the Justices concur.