## J. N. ROBBINS v. STATE.

No. A-2511.   Opinion Filed June 10, 1916.

(157 Pac. 1027.)

1.   **INTOXICATING LIQUORS — Prosecution — Information.**   An information charging an unlawful conveyance of intoxicating liquor must allege the place or point in the county from and to which such conveyance was made, if they are known, and if unknown, it must be so alleged.

2.   **INTOXICATING LIQUORS — Prosecution — Information.**   The information after alleging venue and time charged that the defendant "did then and there unlawfully, knowingly and wilfully in some manner, convey intoxicating liquor, to-wit: Whisky from some point in Beaver county to your informant unknown to the K. of P. lodge hall, a place then and there in Beaver county, Oklahoma." **Held**, not sufficiently direct and certain in not alleging the particular circumstances of the offense.

3.   **INTOXICATING LIQUORS — Criminal Prosecution — Evidence.** The evidence reviewed and **held** to be insufficient to justify a conviction, and the defendant entitled to be discharged, unless further incriminating facts can be proved.

(Syllabus by the Court.)

*Appeal from County Court, Beaver County;*
*John A. Spohn, Judge.*

J. N. Robbins was convicted of violating the prohibitory law and appeals.   Reversed.

*J. W. Culwell,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error was convicted in the County Court of Beaver county on a charge of unlawfully conveying intoxicating liquor in said county on the 22nd day of January, 1915.   The charging part of the information is as follows:

"In that he, the said J. N. Robbins did then and there unlawfully, knowingly and wilfully in some manner convey intoxicating liquor, towit: Whisky, from some point in Beaver County to your informant unknown to the K of P lodge Hall, a place then and there in Beaver County, Oklahoma, contrary to" etc.

For the state, W. W. Murray, deputy sheriff testified that he was in the K. of P. hall, saw the defendant pick up an overcoat from a chair; that he saw the neck of a bottle sticking out of one of the pockets and he stepped up to the defendant and arrested him; that he did not know how the bottle got in the overcoat pocket, nor how it got into the K. of P. hall; that the bottle was about half full of whisky; that the occasion was a masquerade ball at the K. of P. hall in Beaver City.

For the defendant Frank Gadberry testified that he was with the party; that the defendant drove over in his car from Forgan to Beaver City; that the overcoat in question belonged to Charley Stanton, who was with the party; that when he was getting ready to dance in the hall he handed the overcoat to the defendant; that there was no bottle of liquor in the overcoat when he carried it to the hall.

As a witness in his own behalf the defendant J. N. Robbins testified that he drove the car from Forgan to Beaver City that evening and that Frank Gadberry and Charley Stanton and two other men rode over in the car; that with Gadberry and Stanton he attended a dance at the K. of P. hall, and there Gadberry handed him the overcoat; that he decided to take part in the dance and placed the overcoat on a chair, and after dancing he picked up the overcoat and Mr. Murray stepped up and arrested him; that if there was a bottle in the pocket of the overcoat, he did not know it. That he had no whisky and did not know how the bottle came to be in the overcoat pocket; that he had on a fur overcoat that evening which was too big and heavy to carry around so he left it in the automobile.

On March 17, 1915, the court rendered judgment and sentenced the defendant to be confined in the county jail for one hundred and twenty days and to pay a fine of two hundred and fifty dollars and the costs.

The first assignment of error is that the court erred in overruling the demurrer to the information and the motion in arrest of judgment. It is contended that the information is insufficient

in that it is not direct and certain as regards the particular circumstances of the offense charged. It will be observed that the allegation of conveyance is, "from some point in Beaver county to your informant unknown to the K. of P. lodge hall, a place then and there in Beaver county."

To be sufficient, the information should allege the city, town or place in Beaver county where the K. of P. hall was located.

Our criminal code requires that; the information must contain a statement of the acts constituting the offense, and the particular circumstances of the offense charged, when they are necessary to constitute a complete offense. (Section 5739 Rev. Laws.)

The defendant has the right to have the charge against him thus stated to enable him to make his defense. Under the decisions of this court the demurrer interposed should have been sustained.

*Sturgis* v. *State,* 2nd Okla. Cr. 362, 102 Pac. 57;

*DeGraff* v. *The State,* 2nd. Okla. Cr. 519, 103 Pac. 538;

*Porter* v. *State,* 4th Okla. Cr. 654.

We are also of the opinion that the evidence is insufficient to show that the defendant conveyed or transported the liquor in question.

The only circumstance in evidence which made possible the inference that the defendant conveyed the whisky was the finding of the bottle in a pocket of the overcoat, and it is undisputed that the overcoat belonged to another person. That it was possible for some other person to have placed the bottle in the overcoat pocket is apparent. "Where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other rational conclusion." 1 Greenleaf Evd. 34.

Assuming that the defendant was innocent we fail to see how he could have met the testimony for the state in any other way than by the testimony introduced in his behalf.

It appears from an examination of the instructions that the court failed to instruct the jury upon the law of circumstantial evidence. In our opinion, it would be destroying the presumption in favor of innocence of the defendant and would be subversive of the rule which requires the establishment of guilt beyond a reasonable doubt to allow this conviction to stand, and unless further incriminating facts can be proved the defendant should be discharged.

For the reasons stated the judgment is reversed with direction to sustain the demurrer to the information.

ARMSTRONG and BRETT, JJ., concur.