## T. F. BOCK v. STATE.

No. A-5611.   Opinion Filed May 26, 1926.
(246 Pac. 642.)

E. V. Rakestraw, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. On information charging that in Kiowa county, on the 11th day of December, 1924, T. F. Bock did then and there unlawfully and intentionally operate and use a distillery for the purpose of manufacturing distilled spirits, to wit, whisky, he was convicted and, in accordance with the verdict of the jury sentenced to serve 90 days in jail and pay a fine of $400. From the judgment he appeals.

A number of errors are assigned and argued, but one of which it is deemed necessary to notice, and that is that the court erred in refusing to instruct the jury upon the law of circumstantial evidence.

T. P. Shaddock, sheriff, testified that Mr. Humble called him from Roosevelt and said that he had some mash located in a granary on Dr. Hibbitt's place; that, with Mr. Humble, he drove out there and stopped at the barn and saw defendant coming out through a window on the south side of the barn; that he arrested defendant, and Mr. Humble then went into the granary, west of the house, and found the negro in there; that Dr. Hibbitt's place is about 2½ miles southwest of Roosevelt.

W. H. Humble testified that he saw defendant coming out the window on the south side of the barn; it was about 9 p. m.; that he put his flash light on defendant and asked him what he was doing there; that he went into the granary and found Noland Stevens, a negro, operating a distillery; that there was a boiler filled with mash, a fire under it, and what he would call whisky was just starting to drip; that the coil was in a barrel of water and ice packed around it, and there was ice in a tub and three barrels partly full of mash.

As a witness in his own behalf the defendant testi-

fied that he lived at Roosevelt, was at his nephew's, Jake Bock's place, that evening; that while there Noland Stevens came there on foot and wanted defendant to drive him 2 or 3 miles in the country and offered to pay $2 for the ride, and he agreed to haul him; that Stevens had nothing with him; that defendant drove where Stevens directed and they came to the stable and granary where the still was found; that he parked his car south of the barn; that he was there about 10 minutes when arrested by the officers; that one of the Brannon boys, one of the Long boys, and a fellow named Hughes were present at Jake Bock's place when Stevens hired him to make the drive; that Stevens had worked in that community for several years and at the time had been picking cotton for one of defendant's brothers.

Jake Bock testified that defendant and Stevens took nothing from his place with them; that, after defendant and Stevens left, he and the three other boys went to a dance. Carl Brannon and Cecil Long each testified that they were at Jake Bock's and heard the conversation between Stevens and defendant, saw Stevens and the defendant leave in the defendant's car and they took nothing with them. Thus it appears that the evidence connecting defendant with the offense was entirely circumstantial. The defendant requested the court to give an instruction on the law of circumstantial evidence.

The rule is well settled that, where the state relies solely upon circumstantial evidence, the court should instruct upon the law of circumstantial evidence. Such evidence should be expressly defined and the rules governing its effect concisely stated. Pierson v. State, 13 Okla. Cr. 382, 164 P. 1005; Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Rutherford v. United States, 1 Okla. Cr. 194, 95 P. 753.

In the case last cited, Judge Dunn, delivering the opinion of the court, used the following language:

"The danger in cases where circumstantial evidence is entirely relied upon for conviction is that jurors, being brought into court and impaneled for the purpose of determining the guilt or innocence of the defendant, and the court admitting the circumstances as evidence against the defendant, unless warned in some manner, might be inclined to believe that absolute proof of the circumstances would be conclusive proof of the crime, and their attention would be exclusively directed to the evidence which established the incriminating circumstances, instead of weighing and judging whether or not the incriminating circumstances proven established the ultimate fact and proved beyond a reasonable doubt that defendant was the guilty party."

For the error indicated, the judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.