## C. L. HESS v. STATE.

No. A-5331.   Opinion Filed Dec. 4, 1926.
(250 Pac. 938.)

J. H. Foster and Womack, Brown & Cund, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was charged, in the district court of Stephens county, jointly with J. B. Plunkett and Nixon, with having the unlawful possession of narcotic drugs, and was sentenced to serve a term of one year in the state penitentiary, and to pay a fine of $500.

A state of facts about as follows is disclosed by the record:   Plunkett, Nixon, and defendant were arrested together near a Ford coupe on a byroad, about 3 ½ miles southeast of Duncan, late in the afternoon, about dusk, April 15, 1923.   There were spread out on the seat of the coupe about 215 grains of morphine, in tablet form.   As the officers who discovered them approached, Plunkett threw a small box into the weeds, which was recovered and which contained an additional 200 grains of morphine.   Plunkett, the owner of the coupe, was a doctor.   Nixon and defendant had no regu-

lar occupation. Defendant had been a drug addict, but claimed at the time he was not using it regularly. Before the trial, Plunkett had died. Defendant was tried separately, and he testified that he was invited and went with Plunkett merely for the trip, and for the reason that he had a sister living at Comanche, where they first went, and visited with her at the time. From Comanche they went to one Leming's place about 10 miles east, where the drug was procured. Defendant claimed to be suffering from an abscess and stated that, while they were at Leming's Plunkett gave him "a shot" to ease the pain. Nixon testified in defendant's behalf, in effect, that he drove the car for Plunkett and did not know what mission Plunkett was on, that neither he nor defendant knew that Plunkett had the narcotics until they stopped where apprehended, and Plunkett spread the tablets out on a piece of paper.

It is first contended and argued at considerable length that the evidence is insufficient to sustain the verdict, and the court should have instructed an acquittal. The circumstances appearing in evidence, disclosing the procuring of the narcotics, the large quantity, the fact that it was spread out, at the time discovered, apparently for the purpose of being divided, are sufficient to carry the case to the jury, and are such that the jury might reasonably conclude that defendant and Plunkett were acting together, and that the possession was a joint possession. Whitten v. State, 25 Okla. Cr. 447, 221 P. 115.

It is also contended that the court erred in refusing defendant's requested instruction No. 3. This request is an instruction on circumstantial evidence and correctly states the law. None of the narcotics were found on the person or in the physical possession of defendant. The car in which they were found did not belong to him,

and proof of his possession is circumstantial. There is no direct proof that he personally procured the narcotics, or that he aided and abetted in its procurement, or that he controlled the vehicle in which they were transported, and his possession, if proved, is by the surrounding circumstances. The rule is that where the evidence is entirely circumstantial, the defendant, when he requests it, is entitled to an instruction on circumstantial evidence, as a matter of right. Matthews v. State, 8 Okla. Cr. 676, 130 P. 125; Robbins v. State, 12 Okla. Cr. 412, 157 P. 1027.

We are not prepared to say that the evidence is so convincing that, if the requested instruction had been given, the jury might have reconciled the circumstances upon some hypothesis other than the guilt of defendant.

For failure to give the requested instruction, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.