# BILL BORCHER v. STATE.

No. A-7222.   Opinion Filed April 26, 1930.
(287 Pac. 727.)

J. A. Rinehart, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was jointly charged with Bud Payne with the offense of unlawfully having in their possession mash capable of being used in the manufacture of intoxicating liquor, to wit, corn whisky, by distillation.   The defendant was put upon trial and a verdict of guilty returned by the jury, and he was sentenced to 90 days in the county jail and to pay a fine of $100.

The defendant contends, first, that the court erred in admitting evidence of the finding of a still and empty bottles, which smelled strongly of whisky, in evidence.   The officers searched the premises of the defendant and found one barrel full of mash and another partly full concealed in a hole under the barn.   About 150 yards from the barn they found a still, parts of which were buried in three separate places and in the house they found the empty

whisky bottles. The still and the empty bottles not being found with the mash and not being necessarily connected with them in the offense charged, the trial court should have sustained objections and excluded this evidence.

The defendant next contends that the court erred in refusing to give a requested instruction on circumstantial evidence. This court has repeatedly held that, where the evidence of the state is wholly circumstantial, it is reversible error for the trial court to refuse to give the instruc· tion. The instruction tendered by the defendant was not properly drawn, and did not fully cover the law of circumstantial evidence, but it was the duty of the trial court, when requested, to give proper instruction, where the evidence was wholly circumstantial.

Because the court erred in refusing to give an instruction on circumstantial evidence, the cause is reversed and remanded for a new trial in accordance with this opinion.

EDWARDS, P. J., and DAVENPORT, J., concur.