## G. O. BREEDLOVE v. STATE.

No. A-7782.   Opinion Filed Jan. 17, 1931.
(295 Pac. 239.)

Theodore Haugh, Hughey Baker, Ned Warren, E. G. Wilson, and Frank Hickman, for plaintiff in error.

J. Berry King, Atty. Gen., and Ed Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Tulsa county on a charge of maiming and was sentenced to serve a term of seven years in the state penitentiary.

The record discloses a state of facts about as follows: On the night of May 15, 1929, about the hour of 12:30 a. m., some one entered the home of Mrs. Eula Condon at Tulsa and threw nitric acid upon her face and body, destroying the sight of one eye and permanently burning and disfiguring her. The evidence, while entirely circumstantial, tends very strongly to prove the guilt of defendant. If the case were tried according to law, we should not hesitate to hold the evidence sufficient. At the conclusion of the evidence, defendant requested the court to instruct on the law of circumstantial evidence and renewed the request at the time the instructions were read. The request was denied by the court.

It has been many times held by this court that where the evidence is entirely circumstantial, it is error for the court, when properly requested, to refuse an instruction upon the law of circumstantial evidence. Rutherford v. U. S., 1 Okla. Cr. 194, 95 Pac. 753; Bock v. State, 34 Okla. Cr. 313, 246 Pac. 642; Moore v. State, 34 Okla. Cr. 277, 246 Pac. 648; Hess v. State, 35 Okla. Cr. 410, 250 Pac. 938.

There is no excuse for a trial judge to deny a request for an instruction upon a proposition so well settled as this. A county attorney, under such circumstances, should join in a request that such instruction be given, if the trial court is not informed. This court is very loath to reverse cases such as this, but some regard must be had for settled decisions. Cases may be presented, depending entirely on circumstantial evidence, where the facts are admitted or the conflict in the evidence so inconsequential that this court may say that the refusal to give the instruc-

tion could not have affected the verdict; we can hardly say that is the condition of the record here.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.