# ROBERT AYERS v. STATE.

No. A-7950. Jan. 30, 1932.
(7 Pac. [2d] 919.)

Sigler & Jackson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Johnston county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 50 years.

This is a companion case to that of J. Arthur Keltner, No. 7949, decided at this sitting of the court. The defendant and Keltner were jointly charged with the murder of Ira Sanson. Being granted a severance, Keltner was tried first and found guilty, and thereafter this defendant was tried and found guilty.

For a statement of the facts, see Keltner v. State, 52 Okla. Cr. 150, 3 Pac. (2d) 451.

Defendant contends: First, that the court erred in admitting evidence of defendant's connection with the whisky-making business; second, that the court erred in admitting deceased's dying declaration; third, that the court erred in admitting the testimony of Dr. Clark as to the statement made by deceased a short time after the killing in which deceased said, in the presence of defendant, "Keltner murdered me in cold blood."

There is no merit in these contentions.

Defendant next contends that the trial court erred in refusing to give his requested instruction on circumstantial evidence.

This court has uniformly held that where the evidence of the state is wholly circumstantial, a refusal to give requested instructions on circumstantial evidence is reversible error. Rutherford v. United States, 1 Okla. Cr. 194, 95 Pac. 753; Bock v. State, 34 Okla. Cr. 313, 246 Pac. 642; Moore v. State, 34 Okla. Cr. 277, 246 Pac. 648.

In the recent case of Breedlove v. State, 49 Okla. Cr. 428, 295 Pac. 239, this court said:

"Where circumstantial evidence alone is relied on for a conviction, it is the duty of the court to instruct on the law applicable thereto when requested to do so by defendant.

"When the evidence relied on for a conviction is wholly circumstantial and a proper request for an instruction on circumstantial evidence is made and refused by the trial court, such refusal is reversible error unless the evidence of guilt is so conclusive that this court can say that the refusal to give the requested instruction did not affect the verdict."

The evidence in the case at bar to connect defendant with the killing being wholly circumstantial, it was reversible error for the trial court to refuse to give defendant's requested instruction applicable thereto.

For the reason stated, the cause is reversed and remanded solely because of the error of the court in refusing to give such instruction, with directions to proceed with the trial of the case in conformity with this opinion.

DAVENPORT, P. J., and EDWARDS, J., concur.