## OSCAR STACY v. STATE.

No. A-8735. Sept. 28, 1934.
(36 Pac. [2d] 303.)

J. A. Rinehart, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, Oscar Stacy, hereinafter called defendant, was convicted in the county court of Canadian county of the offense of unlawful possession of mash fit for distillation into whisky, and the jury being unable to agree upon his punishment left the same to the court, which fixed the punishment at a fine of $50 and 30 days' imprisonment in the county jail.

This judgment is asked to be reversed on the principal ground that the trial court erred in admitting certain incompetent, irrelevant, and immaterial testimony, the particular complaint being that the trial court permitted the state to introduce, over the objection of defendant, evidence of the finding of whisky, fruit jars smelling of whisky, kegs, and stone jugs on the premises of defendant at the same time his premises were searched by the officers, under a search warrant, which search resulted in the discovery of two barrels of whisky mash, for the possession of which defendant was prosecuted in this case.

It is contended the admission of this evidence was an error prejudicial to the rights of the defendant and de-

prived him of that fair and impartial trial that is guaranteed to him under the Constitution and laws of this state. In support of this contention counsel for defendant cites two cases decided by this court, both of which were appealed from the county court of Canadan county.

The first case relied on is that of Robinson v. State, 36 Okla. Cr. 396, 254 Pac. 986, 987. In that case M. S. Robinson was jointly charged for the unlawful possession of mash with his son, James Robinson. James Robinson was acquitted and M. S. Robinson convicted. He appealed to this court and the judgment was reversed because the trial court permitted, over the objection and exception of defendant's counsel, the state to prove that James Robinson had sold A. J. McLaren a quart of whisky at about that time. Of course, this testimony was of another transaction. This court said:

"The state's evidence in rebuttal was not pertinent to any issue and had no connection with the offense charged and was calculated to prejudice the jury against this defendant."

That record further shows the court refused to admonish the jury that this testimony was not admissible against defendant. Such is not the condition in the case at bar. There was no evidence introduced here of a separate sale of whisky by this defendant which would have been proof of another crime, but that introduced was evidence discovered by a search of the premises at the very time this whisky mash was found. It was a part of the res gestae of that particular search. One element of this offense is that the mash must be fit for distillation. Certainly evidence that the defendant had a large quantity of half-gallon fruit jars, which had evidently been used as whisky containers, with kegs and jugs on his premises at that time, was some evidence that the mash was fit for dis-

tillation. The state had a right to introduce any evidence which bore upon the question, although it might have been circumstantial. The weight of it was for the jury. Here the trial court instructed on circumstantial evidence and even went so far as to withdraw this particular evidence from the consideration of the jury, which action on the part of the trial court, if prejudicial at all, was against the state, because it was no proof of a separate offense.

The other case relied upon in support of defendant's contention that this evidence is inadmissible is Borcher v. State, 47 Okla. Cr. 203, 287 Pac. 727.

Since the trial court did instruct on circumstantial evidence in the case at bar, the law contained in the Borcher case cannot be applicable to this case, except as it approves the action of the trial court in instructing on the law of circumstantial evidence. However, counsel for defendant calls our attention to certain language contained in the body of the opinion in the Borcher case which tends to support his contention in the case at bar. The Borcher case was reversed solely upon the ground the court erred in refusing to give an instruction on circumstantial evidence, where all of the state's evidence was circumstantial. The language which tends to support defendant's contention in the case at bar was dictum. Upon the question being briefed and upon more mature deliberation, this court is of the opinion the evidence condemned in the Borcher case was admissible; that it had no tendency to prove a separate offense, but was merely circumstantial evidence tending to support the state's proof upon the charge of possession of mash.

The admission of the evidence complained of was not prejudicial to defendant, but the action of the trial court

in instructing the jury not to consider it was an act favorable to the defendant and prejudicial to the state.

Finding no error in the record requiring a reversal, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.