## JESS DAVIS v. STATE.

No. A-8848.  Aug. 9, 1935.
(48 Pac. [2d] 339.)

Paul D. Sullivan and Virgil Martin, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county of larceny of domestic fowls and was sentenced to serve one year in the state penitentiary.

Mrs. Pauline Campbell was the owner of certain turkeys. On the date charged 42 of them were missing. On the next morning her husband notified the sheriff, and on the following day the sheriff arrested defendant and his brother-in-law, one Shortes. Defendant was well represented. The defense was alibi.

Mrs. Campbell testified that a few days before she missed the turkeys she had found corn strewn from her place to near defendant's house; that after the loss of the turkeys $65 was given to her by one Shelton, deputy sheriff. A Mrs. Dunford testified that on two occasions shortly before the loss she had seen some one driving the turkeys toward defendant's home and on the latter occasion recognized defendant as the person driving them. This she re-

ported to the sheriff. She also testified to seeing the corn and was with Mrs. Campbell when $45 was paid her. Earl Russell, sheriff, testified he arrested defendant and Shortes; that defendant told him he sold some turkeys at Chickasha; that the next day defendant told him that under the name of Dunn he sold the turkeys in Oklahoma City. He further testified defendant gave $35 to Shortes in his presence, with instructions to give it to Mrs. Campbell. Campbell corroborated the sheriff as to the conversation in the jail and of defendants giving the money to Shortes. Skelton testified Shortes gave him $45 to give to Mrs. Campbell.

Defendant offered some testimony tending to prove an alibi and testified in his own behalf denying any connection with the larceny or that he made any statements to the officers or that he paid any money to Shortes for Mrs. Campbell. It is evident the jury did not believe this.

Defendant contends there is no sufficient proof of corpus delicti. This is not tenable. As just stated, there is testimony of the larceny of the turkeys by the owner, and testimony of an attempt by some one to toll them away by scattering corn, and testimony that defendant was seen driving them, testimony of statements made by him, and his paying the owner for them. Surely this is sufficient proof of corpus delicti. The corpus delicti simply means that the crime charged has been committed by some one. When that has been proved, then in order to warrant a conviction the state must prove the accused committed it. The latter proposition is distinct from the proof of corpus delicti, although some of the decisions include both propositions as a part of the definition of the term "corpus delicti." 7 R. C. L. 774.

370

Complaint is also made of misconduct of the county attorney. In one instance, while defendant was being cross-examined, he was asked in substance why he was so nervous. The county attorney in argument said that indicated his testimony was false. He further said in substance that under defendant's testimony his wife and people knew his whereabouts at the time of the larceny and he wondered why the wife was not there as a witness. Also he told the jury one convicted is entitled to a reduction of sentence for good time and that the jury in fixing the punishment should take that into consideration. The court sustained objection to this. If this part of the argument was error, it was harmless, since the jury did not fix the punishment but left it to the court. Comment on the failure of a defendant to call his wife to testify is held not to be error. Wissinger v. State, 39 Okla. Cr. 324, 329, 264 Pac. 631. We find no material error.

The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.