## WILLIE BIRKLEY v. STATE.

No. A-9483. May 5, 1939.
(90 P. 2d 464.)

Joe S. Eaton, of Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and L. A. Wallace, Co. Atty., of Okmulgee, for the State.

BAREFOOT, J. Defendant was charged jointly with Davis McAlester with the crime of larceny of domestic fowls, in Okmulgee county; was granted a severance, tried, convicted, and sentenced to serve a term of one year in the penitentiary, and has appealed.

For a determination of this appeal it is only necessary to consider one assignment of error. It is contended that the evidence is wholly circumstantial, and the court erred in refusing to give a requested instruction offered by defendant, which was as follows:

"You are instructed that the state relies for a conviction in this case upon what is known as circumstantial evidence, and in this connection you are instructed that to warrant a conviction upon circumstantial evidence each fact necessary to the conclusion sought to be established, that is, the guilt of the defendant—must be proven by competent evidence beyond a reasonable doubt, and that all the facts and circumstances proven should not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and sufficient to produce in your minds the reasonable, moral certainty that the accused committed the offense charged against him. And you are instructed that when the circumstances are sufficient, under the rule given you, then they are competent for your consideration, and are to be regarded by the jury as competent for your guidance as direct evidence."

The evidence in this case was that Jim Costner, a farmer living in Okmulgee county, lost seven chickens from his coop; that on the early morning of August 8, 1937, he saw Davis McAlester leaving his coop with the chickens in a sack; that he identified him, and hollaoed at him, but he run to a Ford car and put the chickens therein and left. He did not see defendant or anyone else with him.

Munroe Nash testified that he lived a few miles from the home of Jim Costner. That early on the morning of August 8, 1937, around 3 or 4 o'clock, the defendant and Davis McAlester came to his home, and defendant told him he was driving for McAlester, and when they left they went north. That they were going to see a fellow named "Fred" about some whisky.

Stella Shepard testified she lived in Okmulgee; that she knew both McAlester and defendant; that on the morning of the 8th of August, 1937, they came to her home; that she was asleep when they arrived; that McAlester, who stayed at her house, went into the kitchen, and when she awakened he was in there and was picking and cleaning two chickens; that defendant was there, but did not have anything to do with the picking or cleaning of the chickens; that McAlester told her he wanted her to cook the two chickens for him; that McAlester and defendant left in a car together, and McAlester carried the four chickens with him; that McAlester was afterwards arrested that day at her home while eating the chicken she had prepared for him. She also testified that McAlester told her he gave defendant two of the chickens.

John Lenox testified he was sheriff of Okmulgee county; that Jim Costner reported to him the loss of his chickens; that he made an investigation at the home of Stella Shepard looking for McAlester; that he learned that two chickens had been given to defendant by McAlester, and that he went to the home of defendant and he was not there; that he afterwards arrested him on the streets, and they went to defendant's home where he found some fried chicken; that defendant told him that McAlester must have given it to him for driving him the night before as he had not paid him. He further testified that defendant told him McAlester had hired him the night before to make a trip for some whisky; that McAlester had him stop in the section line, and that McAlester left and returned with something in a tow-sack, and threw it in the car; that he did not have

any part in the stealing of the chickens or any knowledge thereof; that defendant accompanied the witness and showed him where the car was parked, and the route over which they traveled going to and from the place.

This constituted all of the evidence on the part of the state. The defendant did not take the witness stand, and did not offer any evidence.

From the above evidence, it will at once be noted that it was wholly circumstantial. This court has, from its earliest foundation to the present time, held that where the evidence is wholly circumstantial, it is the duty of the trial court, when requested, to give an instruction covering circumstantial evidence. We have carefully examined the record in this case and the instructions given by the court. They nowhere contain an instruction upon circumstantial evidence, and the instruction offered by defendant, as above quoted, was refused, to which defendant excepted. As many times as this question has been before this court, we are at a loss to understand why this requested instruction should have been refused. It is useless to quote from these decisions. We are content merely to cite them and the many cases to which they refer. Rutherford v. United States, 1 Okla. Cr. 194, 95 P. 753; Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Pierson v. State, 13 Okla. Cr. 382, 164 P. 1005; Hess v. State, 35 Okla. Cr. 410, 250 P. 938; Bock v. State, 34 Okla. Cr. 313, 246 P. 642; Borcher v. State, 47 Okla. Cr. 203, 287 P. 727; Breedlove v. State, 49 Okla. Cr. 428, 295 P. 239.

For the reasons above stated the judgment of the district court of Okmulgee is reversed.

DOYLE, P. J., and DAVENPORT, J., concur.