## GEORGE KNIGHT v. STATE.

No. A-9845. Oct. 15, 1941.

(118 P. 2d 256.)

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Clyde Followell, Co. Atty., of Poteau, for the State.

C. C. Williams, of Poteau, for the defendant.

BAREFOOT, P. J. Defendant, George Knight, was charged jointly in the district court of Le Flore county with James Knight and Robert Knight with the crime of larceny of livestock; was tried, convicted and sentenced to serve a term of three years in the penitentiary, and has appealed. The charges are the outgrowth of the larceny of three calves, the property of Jewel Jackson, in Le Flore

county. It is alleged that they were taken from near his premises on or about the night of the 13th day of August, 1939. The defendants, George Knight, James Knight and Robert Knight, are brothers.

For reversal of this case it is contended:

First. That the court erred in overruling the motion for continuance by reason of the absence of a witness.

Second. That the court erred in certain instructions given to the jury and excepted to by the defendant.

Third. That the evidence was insufficient to sustain the conviction of defendant, and that the court erred in failing to sustain the demurrer to the evidence and in failing to instruct the jury to return a verdict of not guilty.

As it is necessary to reverse this case, we refer to the second contention first; that the court erred in the instructions given to the jury. The instruction complained of and excepted to was instruction No. 4, which is as follows:

"You are instructed that some testimony has been introduced before you tending to show that the calves in question alleged to have belonged to the prosecuting witness, Jewel Jackson, came into the possession of the defendant.

"In this connection, you are instructed that if you find from the evidence, beyond a reasonable doubt, that said calves were stolen from the said Jewel Jackson and that said defendant, George Knight, had possession of said calves, then such possession, unexplained, is a circumstance to be considered and given such weight as you may see fit. You are the sole judges as to what weight should be given this circumstance; and, even though the defendant makes no attempt at explanation of the possession, you would not be authorized to convict unless from all the facts and circumstances in the case, after giving such

weight as you see fit, you believe the defendant guilty, beyond a reasonable doubt."

It is contended that this instruction misled the jury by instructing them that the possession of the defendant had been unexplained, when in truth and in fact the evidence revealed that it had been explained to the officer, and that this instruction singles out and makes prominent the fact that defendant had not explained his possession and connection with the three calves in controversy. The only evidence connecting defendant with the possession of the calves was by an officer, who testified to a statement made by defendant.

We are of the opinion that defendant is right in this contention. Counsel for defendant cites the case of Jackson v. State, 22 Okla. Cr. 338, 211 P. 1066, 1073, an opinion by former Judge Matson of this court. In that case the court had under consideration an instruction in almost identical terms with the instruction here involved. It is there stated:

"We think the trial court erred in giving the latter instruction in this case.

"The possession of the alleged stolen automobile was not wholly unexplained by the defendant even under the state's theory. The state offered the evidence of several witnesses to the effect that on different occasions the defendant, while in the possession of the car, had given different and conflicting versions as to how he had obtained possession thereof. The defendant offered other evidence (which was excluded) which, if admitted, would have tended to explain his possession of the car consistently with the explanation made by him at the time of his arrest.

"By the foregoing instruction the trial judge indicated that there was no 'explanation of possession' by the defendant. The fact that defendant did not testify in his own behalf would lead the jury to believe from the wording

of the instruction that defendant had offered no explanation of his possession of the car, and that therefore his possession remained entirely unexplained, and that such circumstance should be weighed against him. Under the evidence the trial judge should have given an instruction on the law as applicable to 'explained' rather than 'unexplained' possession"

The facts in the instant case were very much like the facts in that case. Defendant and his brothers, James Knight and Robert Knight, were charged jointly with the larceny of three calves. No witness for the state had seen these calves taken by defendant or in his possession. One of the calves was recovered at the home of defendant's brother, Robert Knight, another one at a neighbor's home but a few miles away, and the other at Bixby, in Tulsa county. The only evidence of possession by defendant was a statement by him to a deputy sheriff in which he stated that his brother, Robert Knight, had bought the calves from a man by the name of J. J. Parker, and that he had helped to load them into a truck. All the evidence in this case against this defendant was wholly circumstantial. There was no direct evidence. In this connection, we call attention to the fact that the court did not give an instruction upon circumstantial evidence, nor did the attorney representing defendant request the court to do so. It has been the uniform holding of this court that, where the evidence is wholly circumstantial and the defendant requests the court to so instruct the jury, it is error not to do so. Birkley v. State, 66 Okla. Cr. 144, 90 P. 2d 464; Rutherford v. United States, 1 Okla. Cr. 194, 95 P. 753; Kirk v. State, 11 Okla. Cr. 203, 145 P. 307; Pierson v. State, 13 Okla. Cr. 382, 164 P. 1005; Hess v. State, 35 Okla. Cr. 410, 250 P. 938; Bock v. State, 34 Okla. Cr. 313, 246 P. 642; Borcher v. State, 47 Okla. Cr. 203, 287 P. 727; Breedlove v. State, 49 Okla. Cr. 428, 295 P. 239.

Where the defendant does not request the instruction upon circumstantial evidence it might not always be grounds for reversal (Stump v. State, 66 Okla. Cr. 391, 92 P. 2d 616), but in a case where the evidence is as weak as it is in the instant case, this instruction should have been given by the court to properly protect the rights of defendant.

In the case of Mayberry v. State, 64 Okla. Cr. 298, 79 P. 2d 1027, 1029, Judge Doyle, writing the opinion of the court, said:

"The state relied on circumstantial evidence for a conviction.

"It appears from the record that the court failed to instruct on the law applicable to circumstantial evidence, and this fact probably accounts for the verdict rendered.

"The authorities all hold, and without dissent, that where circumstantial evidence is relied upon for conviction this necessitates the trial court, when requested, to give the law applicable thereto in its instructions to the jury.

"While it does not appear that such an instruction was requested, nevertheless, the defendants were entitled to have the case submitted to the jury on instructions fairly applicable to the evidence in the case. And where the evidence is so weak and unsatisfactory, as in this case, the record should be free from prejudicial error to avoid a reversal of the conviction.

"The rule as stated in 12 Cyc. 633, is:

" 'Where the prosecution relies solely upon circumstantial evidence, the court must always instruct upon the nature of circumstantial evidence. Such evidence should be expressly defined, and the rule governing its effect concisely stated.'

"In cases of circumstantial evidence it is necessary that all the facts and circumstances essential to a conviction be proved beyond a reasonable doubt.

"Where the evidence is wholly circumstantial and the facts and circumstances in evidence are of such a character as to fairly permit an inference consistent with innocence, it cannot be regarded as evidence sufficient to support a conviction. Adams v. State, 38 Okla. Cr. 173, 259 P. 665.

"Under this rule the evidence tending to connect these defendants with the offense charged is wholly insufficient to support the verdict, and for this reason the judgments herein appealed from are reversed."

With reference to the contention that the court erred in refusing to sustain the motion for a continuance, we are of the opinion that the county attorney should have permitted this affidavit to be read to the jury, or the case should have been continued by the court. The record does not reveal a state of facts with reference to the motion for continuance that might cause a reversal of this case if this were the only error involved. The defendant Robert Knight was sick and unable to attend court, as shown by the affidavit of a physician who the sheriff of McIntosh county stated was a reputable physician. His case was continued by the court by reason of this affidavit. Defendant and his brother, James Knight, were arraigned for trial, a severance was demanded, and defendant George Knight was tried. It was his contention that his brother, Robert Knight, had purchased the calves from a man by the name of J. J. Parker. This witness was the only person by whom he could have proved this contention except by his brother, James Knight, who was charged jointly with him. This would have required either him or his brother, who was jointly charged, to take the witness stand, which they did not have to do under their constitutional rights. It occurs to us that he was entitled to have this evidence at his trial and that the court erred in refusing a continuance upon the showing made.

From what has been said, it is unnecessary to discuss the third assignment of error. We will say, however, that the evidence of the state against the defendant was very weak. It was wholly circumstantial, and, for the reasons above stated, the judgment and sentence of the district court of Le Flore county is reversed and the case remanded.

JONES and DOYLE, JJ., concur.