# H. B. (WHITTIE) LONG v. STATE.

No. A-10140.    July 21, 1943.

(140 P. 2d 600.)

A. W. Billings, of Woodward, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

PER CURIAM. H. B. (Whittie) Long was convicted in the district court of Woodward county of the crime of unlawful transportation of intoxicating liquor, after a former conviction of violating the prohibitory liquor laws, and pursuant to the verdict of the jury was sentenced to serve two years and six months in the State Penitentiary and pay a fine of $50.

R. W. Pierson, court clerk of Woodward county, as a witness for the state, identified certain records in his custody pertaining to the alleged previous convictions of the defendant. These instruments included the information, verdict of the jury finding defendant guilty, the judgment and sentence pursuant to the verdict of the jury. These instruments were identified in two different cases wherein the defendant was convicted of unlawful possession of intoxicating liquor. This witness further identified the defendant as the particular person who was charged and convicted in said cases.

Witness Paul H. White testified that he lived on Eighth street in the city of Woodward. That on the evening of December 11, 1940, he properly parked his Chevrolet automobile in front of his residence; that some time during the night a Ford V-8 coupe had run into the back of his car and knocked it about 50 feet across the curb and

onto the sidewalk. That he did not know of the collision until the next morning about 7:15. That he took the tag number of the Ford car and found that it was registered in the name of the defendant. That he then went to see defendant and had a conversation with him wherein defendant stated that he could not do anything about repairing the car. The witness further testified that defendant admitted hitting his car and that he was driving, but that he was not drunk but was going about 50 miles an hour and had fallen asleep.

The other testimony of the state consisted of evidence of four officers who testified that they received a call about 2:30 a.m. on December 12, 1940, advising them that there had been a wreck on Eighth street. That they went immediately to the scene of the wreck and found where a Ford V-8 coupe had run into the back end of a Chevrolet, leaving the cars in about the same position as described by the witness White. Some of the officers testified concerning skid marks made by the Ford just prior to the time it collided with the Chevrolet which showed that it had skidded about 50 feet. Several broken bottles from which whisky was dripping were found in the front and back of the Ford car. They also found 33 pints of whisky which had not been broken in the collision. Some of the officers recognized the car of defendant, as they had seen defendant driving the automobile prior to that date and also recognized his tag number. The officers then went to a hospital to see whether the man who had been in the car was there, and they there learned that a man had been there a short time before and had his face bandaged. They then went to the residence of defendant, where they found him in bed with his injuries bandaged.

Policeman Flaherty testified that when they found defendant in bed, they inquired of him whether he had

been in a wreck, and he told them he had and that the automobile found by the officers on Eighth street belonged to him. "He said it was his car and that he had been driving it that night." He told the officers he had been driving all day, that the whisky was his, but that he had just had a bad day.

Deputy sheriff Carlisle testified that, in a conversation with defendant, defendant stated that he had been driving all day and all night, that he was not drinking but had just gone to sleep, which caused him to hit the other car. He told the officers at that time that he had 66 pints of whisky in his car at the time of the wreck.

At the close of the state's case the defendant moved 'for an instructed verdict of acquittal and when said motion was overruled defendant rested his case.

It is first insisted that there is a fatal variance between the allegations of the information and proof of the state in this, to wit, the information alleges two former convictions for a violation of the liquor laws, and in reference to one of the convictions the information alleges that the defendant was sentenced to serve 30 days in the county jail and pay a fine of $150 and costs. That in reference to said case the proof of the state showed that the defendant was sentenced to serve 60 days in the county jail and pay a fine of $150 and costs. The correct case number, the correct date of the conviction, and all other allegations with reference to this particular conviction are correct except the information erroneously recited a sentence of 30 days in the county jail, when in fact the defendant was sentenced to 60 days in the county jail.

In O'Neil v. State, 76 Okla. Cr. 107, 134 P. 2d 1033, it is held:

"In order to subject an accused to the enhanced punishment for a second or subsequent offense or as a habitual criminal, it is necessary to allege in the indictment the fact of a prior conviction or convictions.   21 O.S. 1941 § 51.

"A 'variance' in a criminal case is an essential difference between the information and proof, and a 'variance' is not 'material' unless it is such as might mislead the defense or expose the defendant to the injury of being put twice in jeopardy for the same offense.

"In prosecution for second-degree forgery after former conviction of a felony, fact that information alleged that former conviction was on July 29, 1936, and evidence showed that it was on September 29, 1936, did not prejudice defendant or constitute a 'material variance'.   21 O.S. 1941 §§ 51, 1577.   * * *

"In prosecution for second-degree forgery where information charged that check was signed by J. W. Singleton and proof showed that check was signed by J. M. Singleton, the variance was not 'material'.   21 O.S. 1941 § 1577."

This was a well-considered opinion by Judge Barefoot in which he reviews extensively the various authorities on this proposition.   In the body of the opinion, after quoting from other cases, it is stated:

"But such an averment of prior conviction does not charge an offense.   As stated by Lord Campbell in the case of Reg. v. Clark, 20 Eng. L. & Eq. Rep. 582: 'It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as an historical fact.'   * * *

"The essential thing is that the jury determine whether defendant has been previously convicted."

See, also, White v. State, 58 Okla. Cr. 401, 54 P. 2d 214, wherein it was held that where the information charg-

ed a prior conviction of grand larceny and the proof showed that the prior conviction was for burglary, the same did not constitute a material variance .

In view of these two authorities and the cases therein cited, it is our conclusion that the variance herein was immaterial.

It is next contended that there is no proof of the corpus delicti except by the extrajudicial statement of the defendant, and for that reason the court erred in not sustaining the demurrer to the evidence.

In the early case of Shires v. State, 2 Okla. Cr. 89, 99 P. 1100, this court held:

"In a criminal case, a conviction cannot be had on the extrajudicial confessions of the defendant, without evidence aliunde of the corpus delicti, but direct and positive proof of that fact is not indispensable."

In Brown v. State, 9 Okla. Cr. 382, 132 P. 359, we held:

"While it is true that the corpus delicti must be established as an independent fact, beyond a reasonable doubt, yet it is not necessary that it should be proven by direct and positive proof. It may be proven by circumstantial evidence if from all the circumstances the jury are satisfied of the defendant's guilt beyond a reasonable doubt."

In Davis v. State, 57 Okla. Cr. 367, 48 P. 2d 339, we stated that:

"The 'corpus delicti' means, when applied to any particular offense, the actual commission by some one of the particular offense charged." In the body of the opinion it is stated: "The corpus delicti simply means that the crime charged has been committed by some one. When that has been proved, then in order to warrant a conviction the state must prove the accused committed it.

The latter proposition is distinct from the proof of corpus delicti  *  *  *."

There is ample evidence, although circumstantial, that the Ford V-8 coupe had conveyed a quantity of intoxicating liquor from a point unknown to a point on Eighth street in the city of Woodward in front of the house of the witness White. The skid marks of the Ford were plainly visible on the pavement. It crashed into the Chevrolet car of White and then, being propelled at such a rapid rate of speed, both of the automobiles moved several feet on the curb and across the sidewalk. The circumstances of the many bottles of whisky being broken and dripping from the car, together with the fact that many other bottles full of whisky were found in the car, are sufficient circumstances to show that intoxicating liquors were conveyed in the Ford coupe. It thus being shown that a crime had been committed, the confession of the defendant was admissible to connect the defendant with the commission of the crime.

A similar state of facts was before this court for consideration in the case of Gorum v. State, 60 Okla. Cr. 248, 63 P. 2d 765, 766. In that case certain officers of Seminole county searched a farm four miles west of Seminole and found a large quantity of whisky. The house in which the whisky was found was unoccupied. A day or two later the defendant Gorum came to the jail, claimed the liquor and accused the officers of being five cases short. Judge Doyle, in disposing of the contention of defendant that the corpus delicti had not been proved save and except for the extrajudicial statement of the defendant, stated:

"In the instant case the evidence clearly establishes the actual commission of the offense charged. The confessions of the defendant were voluntarily made and were

182

properly admitted. The corpus delicti may be established without showing that the crime charged was committed by the defendant."

The law of that case, as stated in the syllabus, reads:

"The corpus delicti may be established without showing that the offense charged was committed by the accused.

"An extrajudicial confession of the defendant is not sufficient to warrant his conviction without additional proof that the crime charged has been committed. There must be, in addition to the confession, proof of the corpus delicti, and, where the corpus delicti is established by independent evidence, a conviction based upon the defendant's voluntary confession is warranted."

To the same effect is the case of Hopkins v. State, 75 Okla. Cr. 268, 130 P. 2d 543. In that case the officers searched an empty automobile and seized 390 pints of whisky. Two days later the defendant appeared at the sheriff's office inquiring about his automobile. At that time, in a conversation with the officers, he told them the automobile was his although the title was in the name of L. W. Fisher, but that the whisky and car in fact belonged to defendant. The conviction based on those facts was affirmed in a unanimous opinion by this court.

It is next contended that the court erred in refusing to give the defendant's requested instruction on circumstantial evidence.

It is well settled that where the state relies wholly upon circumstantial evidence for conviction, it is error for the court to refuse to instruct on circumstantial evidence. Birkley v. State, 66 Okla. Cr. 144, 90 P. 2d 464; Hess v. State, 35 Okla. Cr. 410, 250 P. 938; Bock v. State, 34 Okla. Cr. 313, 246 P. 642; Breedlove v. State, 49 Okla. Cr. 428, 295 P. 239.

It is equally well settled that where the prosecution do not rely wholly upon circumstantial evidence for a conviction, the accused is not, as a matter of right, entitled to have the jury instructed upon the law of circumstantial evidence. Hagerty v. State, 22 Okla. Cr. 136, 210 P. 300; Foster v. State, 8 Okla. Cr: 139, 126 P. 835; Parnell v. State, 39 Okla. Cr. 361, 265 P. 660; Meier v. State, 39 Okla. Cr. 104, 263 P. 165.

In this case the facts are all circumstantial unless the admissions of the defendant are such as would constitute direct evidence. The testimony of the officers is to the effect that the defendant told them the car belonged to him, that he had been driving it at the time the wreck occurred, that he was going about 50 miles an hour and had fallen asleep. These statements of defendant are direct admissions of guilt.

In Flanagan v. State, 74 Okla. Cr. 127, 124 P. 2d 270, this court had before it for determination for the first time the question as to whether a confession is direct or circumstantial evidence. The law, as fixed by that decision, is recited in the fifth syllabus, as follows:

"The testimony of a confession is direct evidence and not circumstantial; where there is direct evidence of a confession of an accused that he committed the crime, in addition to circumstantial evidence, an instruction on the law of circumstantial evidence is not necessary."

Lastly, it is urged that the court committed error in making a statement in the presence of the jury as to what the witness Flaherty had testified.

The record discloses the following in connection with this assignment of error:

"Q. (By Mr. Smith, County Attorney) Did he tell you he had been driving that car? (By Mr. Billings,

184

Attorney for Defendant) That is objected to as incompetent, irrelevant and immaterial, leading and suggestive, putting words in the witness' mouth. The Court: His answer was that Mr. Long told him it was his car, and that he had been driving it that night, is that right? The Witness: Yes, sir, he said it was his car and that he had been driving it and he had bandages on his head that the doctor put on there and he told us he had been driving it and it was his whisky and that he had just had a bad day."

This court has often said that trial courts should be very careful and not make any statement in the presence of the jury that would give any intimation to them as to what weight should be given to any evidence, or say anything which might influence them in arriving at a verdict. Counsel insists that the court misquoted the direct examination of this witness and that his statement was an invasion of the province of the jury as to what defendant testified.

We have carefully read all of the testimony of this witness and while the statement of the trial court is not literally the testimony of the witness, it was substantially correct. But we have considered this statement of the trial court in connection with the question as to whether the punishment assessed by the jury is excessive. Trial courts have no right to comment on the evidence as members of the jury are generally eagerly watching for some sign from the trial judge which might indicate to them what action they should take.

While we think it very doubtful that the statement of the trial court contributed in any measure to the size of the verdict, it is evident to us that the verdict is excessive under the facts of this particular case, and we feel that the interests of justice require a modification.

It is therefore ordered that the judgment of the district court of Woodward county be modified by reducing the punishment assessed the defendant from two and one-half years imprisonment in the State Penitentiary and a fine of $50, to imprisonment in the State Penitentiary for one year and a fine of $50, and the judgment and sentence of the district court of Woodward county, as thus modified, is accordingly affirmed.

DOYLE, J., dissents.