## Horace Williams v. The State.

No. 9982.  Delivered March 17, 1926.

1.—Manslaughter—Special Judge—Transcript.

Where a cause is tried before a special judge, the transcript must set forth the facts showing the election, and the qualifications of the special judge. In the instant case by supplemental transcript proper showing is made of the 'election and qualification of said judge, and no error is shown.

2.—Same—Charge of Court—No Error Shown.

Where the court submitted in his charge the law of negligent homicide and the jury convicted appellant of manslaughter, no error is presented.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. W. M. Holland, Special Judge.

Appeal from a conviction of manslaughter.; penalty, five years in the penitentiary.

*James P. Rodgers* of Houston, *T. H. McGregor* and *A. L. Love* of Austin, for appellant.

*Horace Soule,* Criminal District Attorney, *J. L. Du Mars,* Assistant Criminal District Attorney, *Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the Criminal District Court of Harris county of manslaughter, with punishment fixed at five years in the penitentiary, appeal is taken.

Practically the only question briefed in this case on behalf of appellant is the failure of the transcript to set forth the facts showing the election and qualification of the special judge who tried the case. By supplemental transcript proper showing is made of the election and qualification of said judge. The record is bare of bills of exception. A complaint of the charge of the court for submitting the law of negligent homicide will be of no avail in view of the fact that the conviction was not for that offense. The evidence is believed to amply support the conclusion of guilt.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*