TOM TURNER v. THE STATE.

No. 18282. Delivered June 17, 1936.
Rehearing Denied November 18, 1936.

The opinion states the case.

*A. A. Dawson,* of Canton, for appellant.

*Lewis O. Orsborn,* County Attorney, of Canton, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for child desertion; punishment, one year in the penitentiary.

. Our opinion formerly handed down in this case was evidently based on a misapprehension, and same is withdrawn and the following substituted therefor:

The facts show that appellant had four little children, the oldest being ten years of age; that he deserted these children and declined to support them. His wife testified that appellant had contributed practically nothing to the support of the children for many months before the institution of this prosecution. She is corroborated by other testimony. It is in evidence that after the prosecution was begun the sheriff's force informed appellant that they had a warrant for him, and he agreed to come in and make bond, but instead of so doing he left Texas and went to Oklahoma, where he was later arrested at a tourist camp with another woman, and on the witness stand admitted that he and this woman had been at this tourist camp some two weeks before the officers came and arrested him. There seems no question of appellant's ability, from a financial standpoint, to have taken care of his children, and nothing to lead us to conclude that his desertion of them was not wilful within the contemplation of our statute.

There were two counts in the indictment, one charging desertion of the wife, who at the time was in destitute and

necessitous circumstances; the other count charging the wilful desertion of his four minor children. The learned trial judge submitted only the second count, and the verdict of guilty was based on that count. Under the statutes of this State it is not necessary that it be alleged or proved that the minor children, in a case like this, be shown to be in destitute or necessitous circumstances. It is only necessary that the State show facts justifying the conclusion that the desertion of such children was wilful. In our opinion the facts in this case support that conclusion.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant moves for rehearing, chiefly because of three alleged errors of procedure. We did not discuss appellant's bills of exceptions when we wrote the opinion complained of, and can not now consider them because same were filed too late. Apellant's motion for new trial was overruled October 11, 1935, and an order was then made granting him fifty days in which to file bills of exceptions. On November 29th the court was asked to extend the time for filing such bills to January 1, 1936,—and he made an order specifically extending such time for filing to January 1, 1936. The bills complaining of the matters of procedure referred to above were filed January 8, 1936, manifestly after the expiration of the time fixed in said order of extension.

We see little need for review of the facts. In December, 1934, appellant quit his wife and children. He was indicted on May 31, 1935. His wife testified that during their separation he had given her, for herself and children, one dollar at one time, and four dollars at another time; that he had bought some groceries, the last being on April 15, 1935, at which time he told her this would be his last,—that she would have to go on relief. She further testified that she did not put the matter into the hands of the law until May 30th of that year. The facts further show that when appellant was notified to make bond, he left Texas and went to Oklahoma, and that when he was arrested there he was in a tourist camp with a woman in whose father's house he had been boarding before he left Texas. His clothes were in her cabin. Appellant's defense was that he had furnished his wife food for herself and children, but he does not seem to have covered the period after April 15, 1935. The wife swore that she and her children had suffered

for food. The solution of conflicting issues of fact is for the jury, and they have decided them against appellant. We can not say there are no facts sufficiently supporting the verdict.

The motion for rehearing is overruled.

*Overruled.*