### BERT ROBERTSON V. THE STATE.

No. 18783. Delivered February 3, 1937.
State's Rehearing Granted March 17, 1937.
Appellant's Rehearing Denied April 14, 1937.

The opinion states the case.

*Vickers & Campbell,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

The trial was had before a special judge. The record is silent touching his election, appointment and qualification. When the trial is had before a special judge, it is imperative that the record show his election and qualification. Arts. 555 and 556, C. C. P.; Mason et al. v. State, 91 S. W. (2d) 745.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—At a former day of this term this case was reversed and remanded because of a defective record. Since then, the record has been perfected and the case will now be considered on its merits.

Appellant was convicted of the offense of theft of one calf, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

His main contention is that the evidence is insufficient to justify and sustain his conviction. The testimony adduced by the State, briefly stated, shows that E. C. Britton owned quite a large tract of land in Moore County upon which he and his son Edgar had a number of cows and calves. On or about the 1st day of March, 1935, Plunkett, who was in charge of and had control of said cattle, missed a calf. He made a search for it in the pasture, but failed to find it. At a certain place in the pasture he discovered some blood which indicated that an animal had been killed. He also discovered truck tracks made by dual wheels leading to and from said place. He also found

human tracks which appeared to have been made by two persons; one track was made by a large shoe and the other by a small shoe. The imprint of one of the shoe tracks on the ground disclosed that it was made by a shoe from which the sole had been worn off or removed. Vaughan, appellant's companion, was found wearing a shoe from which the sole was worn off. An examination of the truck tracks disclosed that the truck had been driven up to where the blood was found and then backed into and through the blood. Appellant owned a truck with dual wheels which made tracks identical with those discovered at the place where the blood was found. Appellant admitted that he and Vaughn were in the pasture with the truck on the afternoon of the day prior to the next morning when the calf was missed. A search of his truck revealed blood on the bed of it and blood between the dual wheels on the right-hand side of the truck. A search of his premises resulted in the finding of one fore-quarter and one hind-quarter of fresh meat which was part of the carcass of a calf. Another hind-quarter of like meat was found at Vaughn's home. They also found a tin tub with some blood and a little tallow in it concealed in a water tank. In the granary they found a block and tackle suspended from a two by four with a single-tree tied to the rope and a wagon sheet with blood on it. Appellant testified that he and Vaughn were on the Britton place in a truck with dual wheels, but that they did not get nearer the place where the blood was found than one hundred and fifty or two hundred yards. He also testified that he did not know who placed the fore and hind-quarter of a calf in his house or how it came to be there. We do not deem it necessary to enter upon an extended discussion of the testimony in an endeavor to demonstrate the sufficiency thereof. A mere statement of the facts is deemed sufficient. It is true that the testimony is circumstantial, but the circumstances as disclosed by the record appear to point unerringly to appellant's guilt. The facts in this case appear to us to be stronger and more conclusive than those in the cases of Hamilton v. State, 96 S. W. (2d) 986, and Wilson v. State, 70 Texas Crim. Rep., 340.

Appellant urged a number of objections to the court's charge. An examination thereof in the light of the objections has convinced us that the charge is a fair and full presentation of the law applicable to the facts proven. The refusal of the special requested charges does not disclose any error.

The State's motion for rehearing is granted, the judgment

of reversal is set aside, and the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes complaint in his motion for rehearing of a number of matters which he claims to have been misstatements of fact in our original opinion. Some of these complaints might be deemed well taken, but examination of the record shows that the matters thus complained of in no way affected the issues upon which an affirmance was ordered, and are deemed by us not to be of sufficient materiality to call for any extended discussion. The evidence appears ample to support the judgment, and we perceive no error in procedure to call for a reversal of the case.

The motion for rehearing is overruled.

*Overruled.*