## PETER BALASH V. THE STATE.

No. 19948.   Delivered November 16, 1938.
State's Motion for Rehearing Granted January 25, 1939.
Appellant's Rehearing Denied March 8, 1939.

The opinion states the case.

*Ray Holder* and *Lillian Reynolds,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is murder; the punishment assessed is confinement in the state penitentiary for a term of five years.

The testimony adduced by the state, briefly stated, shows that the deceased was a tenant of Mrs. Carlson, having rented a farm for the year 1937, and upon which he grew a crop during said year. Sometimes in the month of October, Mrs. Carlson leased the farm to appellant for the year 1938. The deceased vacated the premises about the last day of December, at which time appellant moved on. On January 17, 1938, late in the afternoon, the deceased, accompanied by W. J. Symons, came to the premises in question in a car and parked near the dwelling house. This was the deceased's second trip to appellant's home that afternoon. Appellant was not at home at the time. They walked up to the gate, leaned against it and waited for Mrs. Carlson. A little later, appellant returned and began to argue with the deceased, who stated that he had come to see Mrs. Carlson and talk to her but not to him. Thereupon appellant said: "God damn you, I don't want any trouble like we had this afternoon." The deceased then slapped appellant who immediately ran into his home, returned with a shotgun and ordered the deceased and Symons to leave the premises. The deceased hesitated, or at least was rather slow in complying with the command, and appellant punched him with the gun and then shot him. Appellant and Symons immediately placed him in a car and started to a hospital in Austin, but he died before they reached it.

Appellant took the witness stand and testified in his own behalf. He related prior controversies ·which he and the deceased had had about some feed which the deceased had left on the premises, and which Mrs. Carlson had asked appellant to hold for her because deceased owed her some money. He stated that the deceased, prior to the fatal difficulty had come there and taken some of the feed. That he, appellant, at Mrs. Carlson's request, had nailed up the crib but that deceased came and started breaking down the door. He inquired of the deceased if he had an order from Mrs. Carlson to move the feed, whereupon deceased called him a s——of a—— and struck him over the eye. That he then ran into the house, procured a shotgun and ordered the deceased to leave and when he hesitated to do so, he punched him with the gun. That deceased caught hold of the barrels of the gun which had been cocked by appellant, and when the gun was given a jerk by the deceased, it fired, inflicting the fatal injury. It appears to us that the evidence is sufficient to sustain the jury's conclusion of appellant's guilt.

There are no bills of exceptions or objections to the court's charge in the record. Appellant, however, requested a number of special charges relative to certain defensive theories which the court declined to give. The court instructed the jury on the law of murder with and without malice, on self defense of himself and of another, on the law with reference to ejecting a trespasser or intruder, on the legal right to protect property in his care or under his control, on the right to defend against an attack or apparent attack of a nature not reasonably calculated to produce death or serious bodily injury, and upon accidental homicide, etc.

We think the court's charge was a fair and adequate instruction of the law upon every phase of the case, and the failure to give the requested instructions was not error.

Appellant, in his motion for a new trial, complains of certain remarks made by the district attorney in his closing argument to the jury, and also complains of applause by the spectators at the time of the remarks. We note that he failed to object thereto at the time, and failed to request any instruction by the court to the jury not to consider the same. Nor did he reserve any bills of exceptions to the argument or offer any proof of applause by spectators in support of said allegation in his motion. Therefore the matter is not properly before this court for review. See Branch's Ann. P. C. Sec. 361 and authorities there cited.

In his motion for a new trial, appellant also complains of the court's action in declining to enter a mistrial and grant him a continuance on the ground that he was surprised by the testimony given by Mr. Symons. Appellant failed to except to the ruling of the court on his motion at the time. Consequently, the matter is not properly before us for review. See Sec. 304 Branch's Ann. P. C. and authorities cited.

Moreover, we fail to see just what part of the testimony of Mr. Symons came as a surprise to appellant and he does not specifically point it out. However, we observe that the testimony given by Symons and that given by appellant does not greatly vary upon any vital issue.

The trial was had before a special judge. The record is silent touching his election, appointment, and qualification. Under the circumstances, we must reverse the judgment of conviction. Robertson v. State, 103 S. W. (2d), 759.

All other matters complained of have been considered by us and are deemed to be without merit.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The judgment was reversed and the cause remanded at a former day of this term because of the failure of the record to disclose the election and qualification of the special judge who tried the case. In his motion for rehearing counsel for the State insists that the election and qualification of the special judge was regular and in conformity with the law, but that the clerk who prepared the transcript inadvertently omitted therefrom the proceedings relative to the election and qualification of said special judge. Attached to the State's motion for rehearing is a duly certified copy of the minutes of the trial court showing that the special judge who presided over the instant case was duly elected and qualified.

The record having been corrected in the particular stated, the State's motion for rehearing is granted, the order of reversal is set aside and the judgment of the trial court is now affirmed.

ON DEFENDANT'S MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains of certain omissions in the court's charge, which we note were not called to the trial court's attention at the proper time. He also complains because this court allowed the filing of a supplemental transcript showing a proper and legal selection of the special judge who tried this case in the court below, his contention being that such a correction could only be made by writ of certiorari from this court. It is true that in the Fourth Texas Jurisprudence, p. 477, it is said that the ordinary office of a writ of certiorari in appellate procedure is to perfect the record, that it, to require putting into the record something which is satisfactorily shown to have been erroneously omitted, or to correct something shown to have been incorrect. This is a general rule, and a correct one. However, it would seem to be a useless thing to have directed the clerk to have done a thing under a writ of certiorari which he had already done voluntarily. We have heretofore held in Williams v. State, 103 Texas Crim. Rep. 540, 281 S. W. 857, that a proper showing of the election and qualification of a special judge could be made by means of a supplemental transcript showing such facts. If the preparation and filing of such a supplement is voluntarily done, we can see no good reason for the issuance of the writ of certiorari.

Appellant also complains of the court's failure to charge on certain claimed aspects of the case. It is to be noted that no objections to the court's charge were filed herein, and after a perusal thereof, we are inclined to the belief that it admirably presented the law to the jury, and offered all defensive matters to which appellant was entitled.

We see no reason for receding from the position taken in our original opinion, and, with the perfecting of the record, we again assert the conclusions reached originally, and the motion for rehearing is therefore overruled.