L. C. COOK, *alias* BROTHER, *alias* THOMAS JUNIOR JACKSON, *alias* LITTLE BROTHER, *alias* THOMAS JACKSON V. THE STATE.

No. 19947. Delivered November 16, 1938.
On Motion for Rehearing January 25, 1939.

The opinion states the case.

*R. C. Wilson,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was convicted charged the offense of an assault with a prohibited weapon, and embraced averments showing that he had been previously convicted of two felonies less than capital. Because of repetition of offenses, the penalty assessed was confinement in the penitentiary for life. See Art. 63, P. C.

The evidence is deemed sufficient to support the judgment of conviction.

Appellant brings forward two bills of exceptions, which appear to have been filed too late to be entitled to consideration. The motion for new trial was overruled March 5, 1938, and on the same date an order was made granting appellant eighty days in which to file bills of exceptions. The bills above referred to were filed May 28, 1938, which was after the expiration of the time fixed in the order of the court. See Art. 760, C. C. P., Turner v. State, 97 S. W. (2d) 959.

The trial was had before a special judge. The record is silent touching his election, appointment, and qualification. When the trial is had before a special judge, it is imperative that the record show his election and qualification. Arts. 555 and 556, C. C. P.; Robertson v. State, 103 S. W. (2d) 759. Under the circumstances, we must reverse the judgment of conviction.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

GRAVES, JUDGE.—This cause has been heretofore reversed and remanded on account of the fact that same appears to have been tried before a special judge, and the record at that time was silent as to the election and qualification of such special judge. This defect has now been remedied by a supplemental transcript showing a proper and legal election of such special judge, and his qualification thereunder, and we will proceed to consider the case upon its merits.

It appears from the facts that on January 6, 1937, at the home of Leonard Charles, in the city of Austin, there were several persons engaged in various pursuits, among them Mary Hollins and D. C. Charles. It seems that James Fowler and the appellant came to the door of this home and called for "Shorty," and the complaining witness, Mary Hollins, went to the door, and turned and told "Shorty," presumtively Leonard Charles, that some one wanted to see him, and "Shorty" told her to tell them to come in. Appellant asked "Shorty" for his knife, and "Shorty" denied having the knife. D. C. Charles, "Shorty's" brother, got up and started out the door in which appellant and James Fowler were standing, and appellant said "Get back" and shot D. C. Charles, and then turned and shot into the house, striking Mary Hollins in the neck, and he was placed on trial herein for the second shot that struck the Hollins' woman.

Appellant's first bill of exceptions relates to the court's refusal to grant a severance in this cause, and the refusal to place James Fowler on trial first so that, in the event of an acquittal of Fowler, the appellant might have the benefit of Fowler's testimony untrammelled by fear of further prosecution in this case.

We confess we are unable to see any application hereto of the rule of severance. James Fowler and appellant were not jointly indicted for an assault with a prohibited weapon on Mary Hollins. The record shows that they were each separately indicted for the murder of D. C. Charles who seems to have been killed by the first shot fired at the door on the same occasion that the Hollins' woman was shot, but the second shooting was a separate and distinct volition and transaction, and only appellant seems to have been indicted therefor. Art. 651, C. C. P., provides, in part, as follows:

"Where two or more defendants are prosecuted for an offense growing out of the same transaction, by separate indictments, either defendant may file his affidavit," etc. It is to be noted herein that the appellant alone is under indictment for the unlawful shooting of Mary Hollins, and therefore we say that there is no application of the severance statute.

Appellant cites, as authority sustaining his request for a severance, the Terry case, 45 Texas Crim. Rep. 264, 76 S. W. Rep. 929. We do not think this case to be in point. In the Terry case there were three persons indicted for the murder of the same person, it being one and the same transaction. Not so in the instant case. We have heretofore held that in order for the law of severance to be successfully invoked "the transaction

must be the *same,* a *similar act* will not suffice." See Day v. State, 27 Texas Crim, App. 143, 11 S. W. Rep. 36; also Clayton v. State, 78 Texas Crim. Rep. 158, 180 S. W. Rep. 1089; Anderson v. State, 56 Texas Crim. Rep. 360.

In the Terry case, supra, this court stated: "As we understand the bill of exceptions Magee and appellant were indicted for one and the same transaction; * · * *" and under such an understanding of the facts it was held that a severance should have been granted and Magee placed on trial first. This Terry case, however, was sharply criticized by Judge Hawkins in the case of Cotton v. State, 244 S. W. Rep. 1027, wherein it was said:

"Evidently the distinction between the 'same offense' and the 'same transaction' was not drawn, and if the writer intended to convey the idea that Terry could not be tried for killing Gary as long as any charges were pending against Magee which grew out of the 'same transaction,' regardless of whether it was the 'same offense' charged against Terry, then we regard the holding as out of harmony with the cases referred to herein, * * *."

We do not think there was any error in refusing appellant's motion for a severance.

The only other bill of exceptions that gives us any concern relates to the following facts:

The appellant called to the witness stand one James Fowler, hereinabove referred to as under indictment for the killing of D. C. Charles, at the same time and place, the appellant being also charged in a separate indictment with the killing of D. C. Charles. Upon the calling of such witness the court, on its own motion, retired the jury. When questioned relative to such indictment, the court informed appellant's attorney that James Fowler's attorney had informed the court that this witness would claim his privilege of not giving testimony incriminatory of himself. The witness was then questioned by the court, and stated that he had handed the court a note in which he had claimed his privilege not to testify in this case because of the fact that his testimony would incriminate himself. The witness then orally claimed his privilege, claiming that his testimony in connection with the transaction where D. C. Charles was shot and Mary Hollins was wounded would tend to incriminate the witness; that he was at such time under indictment for the killing of D. C. Charles, with no immunity promised to him. Whereupon the court sustained the plea of the witness relative to the giving of such testimony, and he was excused,— all these proceedings taking place during the retirement of the jury.

The appellant's attorney thereupon objected and excepted as follows: "Mr. Wilson: In that event, the defendant will not attempt to question the witness, but will reserve an exception to the action of the court in retiring the jury before this witness himself in person, under my questioning, claimed his constitutional immunity, on the ground the court is not presumed to have any advance notice what this witness will claim for himself until he gets on the witness stand, and on the ground the court's action in retiring the jury before the witness took the stand is premature. With that exception, we will excuse the witness."

In connection herewith we quote from appellant's motion for a severance, filed on the opening day of the trial. "Affiant further shows the court that if he be required to go to trial before the trial of the said James Fowler, he will be denied the right to have the free and untrammelled testimony of said James Fowler in this behalf, because the said James Fowler can, and will refuse to testify, and claim his constitutional immunity."

It is apparent that the appellant as well as the trial court knew James Fowler's attitude relative to giving testimony in this cause before he was offered on the stand, and the main and only apparent purpose in thus offering him was in order that the jury might be witnesses to his claim of a constitutional immunity. The bill of exceptions presenting this matter is defective in that nowhere therein is it shown what questions would have been propounded to the witness, nor what the witness would have been expected to answer thereto. The only thing that we can gather therefrom is that the appellant's attorney desired to have introduced the witness as an exhibit before the jury, and have them informed of his refusal to testify, and thus leave some vague indication that the witness might have been the person who shot Mary Hollins. We do not think that the ruling of the trial court, acting as he did with the knowledge that he properly had at such time, deprived the appellant of any of his substantial rights. We do not intend to say that the witness himself shall be the sole judge of what might or might not incriminate him. This is ordinarily a matter for the trial court, a conclusion to be arrived at usually by the surrounding facts and circumstances, and must relate to a real danger of "probable incrimination" of the witness. We approve the holding in Ex parte Copeland, 240 S. W. Rep. 315, 91 Texas Crim. Rep., 549, relative to the above proposition. But we do say that there were no questions asked the witness, and no answers given, and the bill does not show what answers

were expected to be given by the witness even though the court had compelled him to testify. In this particular the bill is incomplete. We do not think error is reflected by said bill.

In accordance with what we have said the State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment is affirmed.